## Webb *v.* Consumer Auto Leasing, Ltd. (et al., Appellant).

48

Argued March 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Oscar Spivack,* with him *Spivack, Dranoff & Shaw,* for appellant.

*Daniel A. Rothman,* for appellee.

OPINION BY CERCONE, J., June 24, 1975:

On July 20, 1972 judgment was entered against defendants Consumer Auto Leasing, Ltd. and Victor Ber-

gelson in Westchester County, New York, in the amount, including costs and interest, of $9,609.00. This judgment was entered in Montgomery County, Pennsylvania, under the provisions of the Uniform Enforcement of Foreign Judgments Act[1] on January 29, 1973. Subsequently appellant, Victor Bergelson, filed a petition to strike judgment with a rule to show cause. An answer was filed and after argument before the court en banc appellant's petition to strike judgment was dismissed. Appellant now appeals to this court the decision of the court en banc.

Appellant argues here, as he did before the court below, that the New York judgment was entered against him in this Commonwealth without full compliance with the requirements of Section 922 of the Pennsylvania Foreign Judgments Act, the relevant portion of which is as follows:

> "A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with the act of Congress or the statutes of this State may be filed in the office of the prothonotary of any court of common pleas of this State."

Specifically, appellant contends that the judgment was not properly authenticated. The judgment filed in Montgomery County was signed by a Westchester County, New York judge and certified by the clerk of courts. The Act specifies two methods of authentication: (1) in accordance with the act of Congress or (2) in accordance with the statutes of this State. Appellee argues that the phrase "statutes of this State" refers to Pennsylvania Rule of Civil Procedure 3002(a),[2] and that the authentication of the judgment complies with that rule. While it

---

1. Act of December 22, 1965, P.L. 1157, § 1, et seq., 12 P.S. §921, et seq. Hereinafter referred to as the Pennsylvania Foreign Judgments Act.

2. Pa. R.C.P. 3002(a) is as follows: "A judgment may be transferred to another county by filing of record a certified copy of all the docket entries in the action and a certification of the amount of the judgment."

is true that the authentication of the judgment complies with the rule, it is incorrect that the phrase "statutes of this state" refers to the rule. There are two reasons why Pa. R.C.P. 3002(a) cannot be read into Section 922 of the Pennsylvania Foreign Judgments Act. First, this rule applies only to the transfer of judgments between different counties in Pennsylvania and not to the transfer of foreign judgments from other states. If this rule could be applied to the transfer of foreign judgments from other states there would be no need for the Pennsylvania Foreign Judgments Act. Second, the Rules of Civil Procedure are not "statutes of this State." "Statute" is defined as: "An act of the General Assembly, whether under the authority of the Commonwealth or of the late Proprietaries of the Province of Pennsylvania."[3] The Rules of Civil Procedure are clearly not statutes in that they are not acts of the General Assembly but rather are rules adopted by the Supreme Court.[4]

Because "statutes of this State" does not refer to Rules of Civil Procedure, and because there are no existing state statutes relating to this matter, we must look to the method of authentication "in accordance with the act of Congress." The applicable act of Congress is set forth as follows:

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form."[5]

---

3. Act of November 25, 1970, P.L. 707, No. 230, as amended, 1 P.S. § 1991.

4. See Act of June 21, 1937, P.L. 1982, No. 392, § 1, as amended, 17 P.S. § 61.

5. Act of June 25, 1948, 28 U.S.C.A. § 1738.

The judgment in question, filed in Montgomery County, does not meet this method of authentication. While the judgment does contain an attestation of the clerk it lacks a certificate of a judge of the court that the said attestation is in proper form. Therefore the judgment has not been authenticated in accordance with the act of Congress. Because there are no statutes of this State dealing with this matter, the appellee has not complied with the requirements of Section 922 of the Pennsylvania Foreign Judgments Act and, in turn, the judgment entered against appellant in Montgomery County is void.

Accordingly the order of the Court of Common Pleas of Montgomery County is reversed and the judgment against appellant in this Commonwealth is stricken.