## School Stationers Corp. v. PSH Enterprises

*Keith B. McLennan,* for plaintiff.
*Richard W. Rogers,* for defendant.

VOGEL, *P.J.,* September 8, 1987—This matter is before the court in the form of plaintiff, School Stationers Corporation's petition to amend judgment. The question presented is whether a judgment transferred pursuant to the Uniform Enforcement of Foreign Judgments Act[1] may be amended

---

1. 42 P.S. §4306.

to include the docket entries from the docket of the court in the transferor state.

The petitioner obtained a default judgment in the Circuit Court of Winnebago County, Wis. on September 18, 1986. On April 20, 1987, the Wisconsin judgment was transferred to this court pursuant to the act. Execution proceedings were instituted soon thereafter.

The record reveals that petitioner's April 20, 1987, filing included: (1) an affidavit signed by petitioner's local counsel indicating the name of the judgment debtor and stating that the judgment was valid, enforceable and unsatisfied; (2) an original triple certification from the Wisconsin court certifying the authenticity of the judgment; (3) a copy of the judgment bearing the original signature of a Winnebago County judge; and (4) a Pa.R.C.P. 236 notice of judgment directed to respondent. The April 20, 1987, filing did not, however, include a copy of the docket entries incidental to the Wisconsin judgment.

. On May 27, 1987, Frederick H. Howard filed a petition to intervene in the instant matter, asserting that he was a "person interested" in PSH Enterprises and that he intended to attack the transferred judgment as being void and unenforceable under the act. This petition to intervene was granted pursuant to an order dated July 22, 1987. The intervenor filed a motion to strike the judgment on August 5, 1987.[2]

The petitioner acknowledges that its April 20, 1987, filing did not include an authenticated copy of the Wisconsin docket entries incidental to the judgment obtained in Wisconsin, and further acknowledges that the act requires the filing of such docket

---

2. The motion to strike is not presently before the court.

entries.[3] However, petitioner argues that the court, in the interest of justice, may properly direct that the original filing be amended to correct the "merely formal" defect. In petitioner's view, amendment for the purposes .of correcting formal defects or mistakes in filing is not expressly prohibited by the terms of the act and is a matter subject to the equitable supervision of the court.

Respondent argues that the defect in the April 20, 1987, filing renders the judgment void from the outset and, therefore not susceptible to amendment. In sum, respondent argues that the proper procedure would be to require petitioner to file successive judgments until its filing is free from defects, and that the court may not intervene on petitioner's behalf.

The act provides in pertinent part as follows:

."(b) Filing and status of foreign judgments. — A copy of any foreign judgment *including the docket entries incidental thereto authenticated in accordance with act of Congress or this title* may be filed in the office of the clerk of any court of common pleas of this commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this commonwealth and may be enforced or satisfied in like manner." 42 P.S. §4306 (b) (emphasis added).

At least 21 states have adopted some form of the

---

3. See 42 P.S. §4306(b).

1964 version of the Uniform Enforcement of Foreign Judgments Act. However, only Pennsylvania has added the phrase emphasized in the above passage. See *Nobel Well Service Inc. v. Penn Energy Inc.*, 348 Pa. Super. 267, 502 A.2d 200 (1985) citing Uniform Enforcement of Foreign Judgments Act, 1964 Revised Act, Commissioner's Prefatory Note, 13 U.L.A. 173-4 (1964). In *Nobel,* supra, our Superior Court stated that the requirement embodied in the emphasized phrase ". . . was added to Pennsylvania's version of the act so that the transferee court in Pennsylvania could be certain that after entry of the judgment in the foreign state, it had not been satisfied, levies had not accrued, or supplemental proceedings had not taken place." Id. at 272, 502 A.2d at 204.

Our research discloses no Pennsylvania cases in which a court was confronted with the precise issue of whether an admittedly defective section 4306(b) filing may be *amended* to include the documents incidental to the transferred judgment. However, Pennsylvania trial courts have consistently and uniformly held that a judgment transferred pursuant to the act is susceptible to a motion to strike where a duly authenticated copy of the docket entries is not attached. *Neary v. Neary,* 35 D.&C.3d 467 (1985); *Krouner v. Dressler Corp.*, 33 D.&C.3d 205 (1985); *Forehand v. Centennial Foods of Virginia Inc.*, 8 D.&C.3d 794 (1978); *Adler v. Krawitz,* 2 D.&C.3d 491 (1974); *Stewart v. Savage,* 58 Del. County 534 (1970). Indeed, the court in *Krouner* characterized a judgment filed without the requisite docket entries as being "void ab initio." *Krouner,* supra at 208.

In *Webb v. Consumer Auto Leasing, Ltd.*, 235 Pa. Super. 47, 340 A.2d 865 (1975) our Superior Court struck a judgment transferred to Montgomery County because the filing lacked a properly

authenticated certificate of a judge of the court in the transferor jurisdiction as required by the act. The *Webb* court was not called upon to determine the propriety of granting a petition to amend. However, in examining the status and nature of the defective judgment, the court stated as follows:

". . . the appellee has not complied with the requirements of [the act] and, in turn, the judgment entered against appellant in Montgomery County *is void*." Id. at 51, 340 A.2d at 867 (emphasis added).

In our view, a section 4306(b) filing is defective when the requirements of the act are not fulfilled. A defective filing, in addition to being clearly susceptible to a motion to strike, is void. *Webb*, supra; *Krouner*, supra. It follows that a void judgment is a nullity, and is therefore incapable of amendment. As stated in 46 Am Jur 2d, Judgments §49 (1969) (footnotes omitted):

"[A void judgment] is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves regarded as invalid and ineffective for any purpose.

"In short, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It accordingly leaves the parties litigant in the same position they were in before trial."

Moreover, as stated in 46 Am Jur 2d, Judgments §50 (1969) (footnotes omitted):

"The general rule is that a judgment which is void cannot be cured by subsequent proceedings."

We are constrained to conclude that the judgment filing in the instant case is not susceptible to amendment, and may be cured only by a future filing of the Wisconsin judgment. See generally, *Gulf*

*Mortgage and Realty Investments v. Alten,* 7 D.&C.3d 709 (1977) (successive filings of a foreign judgment may properly be made under the act where previous filings have been or are subject to dismissal because of procedure defects). In so holding we are not unmindful of the court's inherent powers to correct its records and to exercise equitable supervision over judgments entered in its dockets. See *Davis v. Commonwealth Trust Co.,* 335 Pa. 387; 7 A.2d 3, (1939); *Mars National Bank v. Hughes,* 243 Pa. 223, 89 Atl. 1130 (1914); *Noetzel v. Glasgow Inc.,* 338 Pa. Super. 458, 487 A.2d 1372 (1985); *Farmers Trust Co. v. Egulf,* 32 D.&C. 598 (1938); Standard Pennsylvania Practice, §71:23. However, in our view, such powers are simply nonexistent where the judgment is facially invalid and void ab initio.

## ORDER

And now, this September 8, 1987, upon review of the record, and after careful consideration of the arguments set forth in the briefs of counsel and at oral argument on August 19, 1987, the above captioned petition is respectfully denied.