## North Union Township Election Case.

*Election law—Contest—Tax collector—Petition—Improper verification—Nonresident petitioner—Motion to quash—Act of May 19, 1874, P. L. 208.*

Where a contest of the election of a tax collector was commenced by petition under the provisions of the Act of May 19, 1874, P. L. 208, and one of the requisite twenty-five qualified electors who signed such petition, and who was also one of the necessary five who verified it, was a resident of another voting district in the township, a motion to quash such petition was properly allowed by the court.

Argued May 10, 1915.   Appeal, No. 472, Jan. T., 1914, by John W. Emerson, et al., from order of Q. S. Fayette Co., Sept. T., 1913, C. D. No. 131, granting motion to quash petition for leave to contest the Election of Tax Collector of North Union Township.   Before BROWN, C. J., MESTREZAT, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for leave to contest the election of Frank Y. Springer as tax collector of North Union Township, Fayette County, November 4, 1913.

The facts appear in the following opinion of VAN SWEARINGEN, P. J., sur motion to quash petition:

Following the election for tax collector in North Union Township, on November 4, 1913, the election officers made return that Frank Y. Springer had been elected to that office, having received twelve more votes than his nearest competitor, James W. Beatty, and Springer was given a certificate of election.  On November 25, 1913, a contest on behalf of Beatty was commenced by petition under the provisions of the Act of May 19, 1874, P. L. 208.  Later a motion to quash the proceeding was filed, testimony in support of the reasons assigned therefor was taken, and the matter now is before the court on that motion.

One of the reasons assigned in support of the motion is that the petition for the contest was not verified by five qualified electors who voted for tax collector at the election.  That reason we think must be sustained. The 18th section of the act under which the proceeding was instituted provides that in this class of contests the petition shall be signed by at least twenty-five qualified electors who voted at the election contested, and shall be verified by at least five of the petitioners.  By the first section of Article VIII, of the Constitution of Pennsylvania, one of the qualifications of an elector is that "he shall have resided in the election district where he shall offer to vote at least two months immediately preceding the election.  It was shown by the evidence that Charles Vance, one of the signers of the petition in this case and one of the five persons who made the affidavit to the petition, resided in the fifth voting district of North Union Township but voted in the first district.  He was not a qualified voter of the election district wherein he cast his ballot, and therefore was not a "qualified elector who voted at the election contested."  No wrong was intended by Vance.  He voted at the place at which he had been accustomed to vote for a number of years.  But prior to the election out of which this contest grows the

lines of the voting districts of the township, by a proper proceeding in court, had been rearranged, which placed Vance in the fifth district instead of in the first. The newly arranged districts had been finally established, and were matters of public record, for more than five months prior to this election. Vance alleged at the hearing that he had not been informed and did not know of the changed lines of the districts, and for that reason voted at the old polling place in district No. 1.

But under the circumstances Vance was not qualified under the law to become one of the signers of the petition and one of the five persons required to make the affidavit thereto. The petition was not verified as required by the act of assembly, and the court acquired no jurisdiction of the proceeding. "An affidavit of the required number of qualified electors is essentially necessary to give jurisdiction." Williams v. Johnson, 16 W. N. C. 223. This objection being fatal to the proceeding it is not necessary to consider the other reasons assigned in support of the motion to quash.

The court quashed the petition and dismissed the proceeding at the cost of the township. John W. Emerson, et al., appealed.

*Error assigned* was in dismissing the proceedings.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant.

*W. J. Sturgis,* with him *George Patterson,* for appellee.

PER CURIAM, May 26, 1915:
This appeal is dismissed at appellants' costs, on the opinion of the learned court below dismissing their petition.