## Edmonds's Appeal.

Argued November 26, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Marshall H. Morgan,* for appellants.

*Edwin J. McDermott,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, January 7, 1935:

This case, which is an election controversy, was argued on November 26, 1934. That the matter might be speedily determined, an order was filed the following day, affirming the decision of the court below. It remains to state the reasons for our action.

The question at issue involves an interpretation of section 26 of the Act of April 18, 1929, P. L. 549 (the Voting Machine Act), which reads, in part, as follows: "Whenever it appears . . ., upon petition of three voters of any district, verified by affidavit, that an error, although not apparent on the face of the returns, has been committed therein, the court of common pleas, board of county commissioners, or other return board, shall, at any time prior to the completion of the computation of all of the returns for the county, summon the election officers of the district, and said officers . . . shall make visible the registering counters of such machine and . . . shall recanvass the vote cast thereon . . . If, upon such recanvass, it shall appear that the original canvass of the returns by the election officers was incorrect, the said returns and all papers being prepared by the said court or board shall be corrected accordingly." We are asked to decide whether a petition filed pursuant to this section of the act is sufficient if it avers that petitioners *believe* an error has been committed, without specifying the nature or character of the error alleged. The court below held that a petition in this form was inadequate and refused a recanvass. Petitioners appealed.

The Voting Machine Act makes no provision for an appeal in cases of this character, hence the present appeal will be considered as if before us on certiorari alone. The error alleged involves purely a question of law. We have jurisdiction to consider such errors in

cases which come before us as though solely upon certiorari: Geary's Appeal, 316 Pa. 342.

We can find no reason for believing the legislature intended to provide in section 26 of the act, supra, that a recanvass of the vote in any district should be had without the averment in the petition of the particular error in the returns warranting a recanvass. On the contrary, such a policy would nullify any advantage to be had from the use of voting machines so far as concerns obtaining a speedy and reliable count of the votes and returns thereof. As pointed out by the court below, such an interpretation of the act would encourage "fishing expeditions" and would needlessly prolong the final determination of the result in all elections. There is no analogy to section 1 of the Act of 1927, P. L. 360, providing for the opening of the ballot box in any election district upon the petition and affidavit of three qualified electors alleging that "fraud, although not manifest on the general return of the votes made therefrom, was committed in the computation of the votes," for section 2 requires a deposit of $50 to be made with the petition and this sufficiently deters the filing of frivolous petitions.

We are of opinion the court below correctly held that the averment in the petition should be unequivocal and not merely upon belief. In addition, it should be noted that the petition in this case was defective for the reason it was verified by the affidavit of only one of the signers, instead of three, as required by the act.

A reading of the Voting Machine Act as a whole indicates that a strict compliance with its provisions by election officers will insure adequate protection to all candidates and other interested parties. There is no necessity for permitting a recanvass of the machines unless the petition contains an averment of the error which is alleged to have been committed.

For these reasons the order of the court below was affirmed.