## Field Election Contest Case.

Argued October 2, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edward G. Bothwell,* First Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, for appellant.

*Saul L. Rubin,* for appellee.

OPINION PER CURIAM, November 9, 1953:

This case is so indistinguishable on its facts from *Koch Election Contest Case,* 351 Pa. 544, 41 A. 2d 657, that we affirm the decree entered below on the basis of the holding in that case. The one factual difference, which the appellant urges, is that the present petitioner did not aver dereliction of duty on the part of the county return board as a ground for granting him leave to appeal, *nunc pro tunc,* under Section 1407 of the Pennsylvania Election Code (25 PS §3157) from the county return board's computation and certification. Wrongdoing on the part of the board is not a prerequisite to a right of appeal under Section 1407 which extends to "Any person aggrieved by any order or decision of any county board regarding the computation or canvassing of the returns of any primary or election . . . ."

The mistake in the certification was due to a patent clerical error on the part of precinct election officers of White Oak Borough in the spelling of petitioner's name on the triplicate or closed return sheet transmitted to the county return board. Without any fault or dereliction on the part of the petitioner, he was un-

informed of the mistake until the brief period for appeal from the action of the county return board, allowed by the Election Code, had expired. However, he acted timely in the circumstances and was not guilty of laches or otherwise remiss. The undisputed facts presented a clear case for equity's intervention to restrain or prevent the commission or effect of an act contrary to law.

Decree affirmed at the appellant's costs.