## Komoroski Appeal.

Argued March 15, 1960. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*David M. Harrison,* for appellant.

*Melvin Schwartz,* for appellees.

Opinion by Mr. Chief Justice Jones, April 19, 1960:

Arthur J. Komoroski, the ultimately defeated candidate for justice of the peace for Scott Township, Allegheny County, at the 1959 municipal election, appeals from an order of the court below refusing to vacate a recount of the ballots cast for the office in a certain election district of the township.

The recount, which was had pursuant to Section 1701 of the Pennsylvania Election Code (Act of June 3, 1937, P. L. 1333, 25 PS §3261) produced a change in the original tabulation of the votes cast for the office, as shown on the face of the election returns, with the result that Komoroski's opponent, Joseph Figura, was found to have won by a narrow margin. The County Return Board duly so certified the result of the election and a commission as justice of the peace of the township was issued to Figura.

When the County Return Board officially certified the results of the election, the recount under the provisions of Section 1701 of the Pennsylvania Election Code became final, save for a timely filed election contest. In *Armstrong Appeal*, 293 Pa. 1, 4, 141 A. 633, it was said with respect to the Act of April 23, 1927, P. L. 360, whereof Section 1701 of the Pennsylvania Election Code is a substantial re-enactment, that "The Act . . . was not intended to and did not disturb the then existing practice, which required the candidate, who appeared on the face of the returns to be defeated, to contest the election, if he desired a review of the way in which it was conducted or of the votes actually cast [citing cases]."

There was no legal basis for the petition to vacate the recount after the result thereof had been certified by the Recount Board to the County Return Board before the latter board's canvass and computation of the

votes cast at the election had been completed, and the recount had become merged in the final official tabulation, as certified by the County Return Board. The only procedure then for questioning the ultimate result was an election contest, and such the appellant did not institute. The court below should, therefore, have dismissed the petition, out of hand, as being *coram non judice,* instead of disposing of the appellant's complaints on the merits. In any event, the present appeal does not raise a justiciable question and is accordingly dismissed.