## Kulpmont Borough Election Case

*E. G. Mirarchi*, for petitioner.

*V. V. Rovito*, for respondent.

PER CURIAM, May 12, 1966.—At the general election held November 2, 1965, there were eight candidates for council in the Borough of Kulpmont in this

county, four to be elected. The county board of elections conducted the computations and canvassing of the returns, and on the completion thereof announced that Democratic candidate Albert Santor, Jr., was in fourth place with 947 votes, and Republican candidate Edward Bolick was in fifth place with 936 votes.

On November 26, 1965, a petition was presented on behalf of Edward Bolick praying "that the ballot box of the second precinct of the Borough of Kulpmont used at the general election held in said district on Tuesday, November 2, 1965, be opened", and on the same day, Judge William I. Troutman decreed that the box "be opened in the Courthouse in the City of Sunbury, Pennsylvania, on the first day of December, A.D. 1965, at 10:00 o'clock A.M., and a proper computation and correct recount be made of the votes cast in said election district for the office of Councilman".

Members of the recount board appointed by the court met and carried out their duties on December 1, 1965, with the result that Edward Bolick received 21 additional votes, making his borough total 957, to put him in fourth place, and Albert Santor, Jr., lost one vote, placing him in fifth place with 946. On the same date, the court directed the county board to make the necessary corrections on the return of the county, and thereafter the county board certified Edward Bolick to be elected.

On December 13, 1965, a petition was filed on behalf of Albert Santor, Jr., by three qualified electors of the second precinct of Kulpmont Borough, praying the court "to grant a rule on said Edward Bolick to show cause why they should not be allowed to file a petition under the provisions of the Act of 1937, June 3, P. L. 1333, Art. XVII, Sec. 1701, nunc pro tunc", and Judge Robert M. Fortney granted the rule, returnable December 27, 1965. On December 24, 1965, Edward Bolick filed a motion to dismiss the petition as

(1) an improper method to institute the action, and (2) being illegal and invalid because the statutory time had elapsed. By praecipe filed January 17, 1966, the case was placed on the argument list dated March 7, 1966, and was submitted to the court by written briefs on March 21, 1966, without oral argument.

The averments of the petition make clear that a second recount of the ballot box of the second precinct of the Borough of Kulpmont is desired because, upon completion of the first recount, "counsel for respondents moved the Court to defer the closing of the said ballot box so that an investigation be made to determine the extent and nature of the tampering of the ballots contained in said box", which the court refused to do.

One who seeks a remedy in the election procedure must point to the statutory authority for it, since jurisdiction in the court in election cases is not of common law but is founded entirely on statute, and, therefore, it cannot be extended beyond the limits defined by the Act of Assembly: Gunnett v. Trout, 380 Pa. 504. This was pointed out in Jones Election Contest Case, 376 Pa. 456, as follows:

"As we recently had occasion to note in Flood Appeal, 372 Pa. 486, 489, 94 A. 2d 565, 566,—'Prescribed procedures in election matters are creatures of statute and, unless one can point to statutory authority for the course which he chooses to follow, his action is without legal warrant.' . . .

"It goes without saying that the purpose of popular elections is the due ascertainment and effectuation of the will of the electorate. But that expression must be ascertained within the rules of law statutorily prescribed for the proper attainment of the desired purpose. Any other course would lead to loose, uncertain and inconclusive election practices more likely to defeat, rather than further, the popular will".

In our consideration of the motion to dismiss this petition, we must first determine whether there is statutory authority for the relief which petitioners seek. The only statutory provision referred to by petitioners is section 1701 of the Election Code, which authorizes the court, on petition, to open a ballot box and cause the entire vote to be correctly counted. An examination of the contents of the petition clearly shows that petitioners seek a much broader remedy than this section affords. In the first place, it is conceded that the time limitation for presenting a petition under section 1701 has expired, and so petitioners seek to file it nunc pro tunc. Secondly, the request here is actually to open the box for the second time, since a previous proceeding under section 1701 took place on December 1, 1965.

It is conceded by petitioners that they did not file the petition within the statutory period, and no authority for a delayed filing has been furnished to the court. Our own research reveals no case in which late filing under section 1701 was permitted, and two cases in which the statutory limitation fixed by section 1407 was waived by the court. As to the latter cases, the court pointed out in Jones Election Contest Case, 376 Pa. 456: "Neither Koch Election Contest Case, 351 Pa. 544, 41 A. 2d 657, nor Field Election Contest Case, 375 Pa. 276, 99 A. 2d 867, lends the appellee any support. In each of those cases, the court's equitable jurisdiction was invoked to restrain or prevent the commission or ensuing result of an act contrary to law which threatened injury to a complainant who was guiltless of any dereliction or culpable inactivity in respect of his rights in the subject-matter". It does not appear that Santor qualifies as one entitled to such relief, and these cases are, therefore, not in point: McIntyre's Appeal, 343 Pa. 87.

In an appeal to the court of common pleas from a

certification order of the county board, as provided by section 1407 of the code, it was pointed out in Mc-Caffreys' Appeals, 337 Pa. 552, that "The Court below construed the statute as requiring precisely the same matter, i.e., fraud or error in the computation of the votes, to be twice gone over by the same tribunal, an anomalous situation which it cannot be supposed the legislature intended, in view of the plain language of the sections in question, and particularly in view of the manifest purpose of the Code that computation proceedings shall be held promptly and disposed of expeditiously without the protraction which such successive appeals would necessarily involve".

The court also stated that the power given the court on an appeal under section 1407 is exactly the same as the power it has under section 1701, and in this connection said:

". . . [I]t is significantly provided in section 1703, subsection (b), that 'No order or decision of the court under the provisions of sections 1701 and 1702 of this act, shall be deemed a final adjudication regarding the results of any primary or election, so as to preclude any contest thereof under the provisions of this article . . .' By plain implication the legislative intent is here expressed that orders or decisions of the court in proceedings under these sections shall be deemed final adjudication, except as otherwise expressly provided".

When the county board officially certified the results of the election, the recount under section 1701 became final save for a timely filed election contest: Komoroski Appeal, 399 Pa. 77. The conclusion that petitioners are not entitled to a second recount is inescapable.

Petitioners apparently base their claim for a second recount on the Greenwood Township Election Case, 344 Pa. 350, which is the only authority cited in their behalf. There, the losing candidate at the official count filed a petition to open 16 ballot boxes to recount the

votes. Upon the opening of the sixteenth box, respondent suggested to the court that the condition of the box and the markings on some of the ballots indicated fraudulent tampering, and asked for the privilege of calling handwriting experts before tabulating the count, which was done. After a hearing, the court rejected some ballots for tampering, and revised the count. Thereafter, on its own motion, the court revoked its certification of the 15 boxes previously counted, and held a second recount of those boxes, during which some ballots were rejected for tampering, and the first recount was revised.

On appeal, the Pennsylvania Supreme Court approved the second recount procedure in that case, using this language:

"Nor do we agree with the contention that the court lacked the power to order a second recount of the votes for this district, or any of the districts in dispute, after a recount had once been made. If the court, charged with the duty to 'cause the entire vote . . . to be correctly counted', is convinced that a mistake has been made before it in the count of the votes, we see no reason why the general rule that all decrees, however final and conclusive, are under the plenary control of the court which pronounces them, at least during the term at which they are rendered or entered of record, should not apply, subject, of course, to the limitation contained in section 1701, subsection (f), of the Election Code, providing as follows: 'Ballot boxes may be opened under the provisions of this section at any time within four months after the date of the general, municipal, special or primary election at which the ballots therein shall have been cast' ".

From our review of the Greenwood case, we are of the opinion that the decision there must be considered under the factual situation and the procedure appearing in that case, and should not be applied to the pres-

ent case, which differs materially: Borough of Ambridge Election Returns, 18 Beaver 8.

After a full consideration of the procedure and the law applicable under the facts here presented, it appears to us that this is not a proper case for the filing of a petition under section 1701 of the Election Code nunc pro tunc, and, accordingly, we make the following:

### DECREE

And now, May 12, 1966, it is ordered, adjudged and decreed that the motion to dismiss the petition filed in this proceeding is hereby sustained. Costs to be paid by petitioners.