Joseph S. Giacobello and Gerald M. Alesi, Appellants, *v.* Board of Elections of The Borough of Mount Union, County of Huntingdon, Appellee.

Argued June 6, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*R. Merle Heffner,* for appellants.

*Newton C. Taylor,* with him *Taylor & Taylor,* for appellee.

PER CURIAM OPINION, July 25, 1974:

This is an appeal by Joseph S. Giacobello and Gerald M. Alesi (Appellants) from an order of the Court of Common Pleas of Huntingdon County dismissing Appellants' petition for a re-count of the ballots cast in the Second Ward of the Borough of Mount Union at a general election held November 6, 1973.

After a careful consideration of the Appellants' contentions we conclude that the decision of the court below is correct. We, therefore, affirm the opinion of President Judge TERRIZZI and, because it has not been reported previously, we reprint it in its entirety.

Order affirmed.

"On November 16, 1973, the Court entered an Order directing that the ballot box of the Second Ward of the Borough of Mount Union be opened for the purpose of correctly counting the vote contained therein with respect to the election of Borough Councilmen. The order named the persons by whom the re-count was to be made and fixed the time and place for the opening of the box.

"Prior to the date fixed for the opening of the ballot box, a Petition was presented by one of the candidates for the office of Borough Councilman for a Rule to show cause why the Petition for re-count should not be quashed, alleging, inter alia, that it had not been 'duly verified by three qualified electors of the election district as required by the said Statute.'

"On November 30, 1973, a Rule was granted, returnable December 3, 1973, at one p.m., and fixing that time for a hearing on the Petition. Notice was given to all parties in interest in accordance with the Order.

"On December 3, 1973, testimony was taken before the Court, the testimony indicating that the only person who verified the contents of the Petition was Joseph S. Giacobello, one of the Petitioners. No testimony was produced by or on behalf of the respondents.

"The Petition for re-count, which apparently was prepared without benefit of counsel, contained thereon a jurat which did not indicate the person(s) who swore and subscribed to the Petition before the officer. This officer, at the time of hearing, testified that the Petition was sworn to by only one of the subscribers.

"The Court following hearing, on December 3, 1973, made an Order dismissing the Petition for re-count for the reason that it was not duly verified by three qualified electors of the Second Ward of the Borough of Mount Union.

Section 1701(a) of the Election Code of June 3, 1937, P. L. 1333, 25 P.S. 3261, provides for the opening of a ballot box and the correct count of the votes 'if three qualified electors of the election district shall file, . . . a petition duly verified by them, alleging that . . . they believe that fraud or error . . . was committed in the computation of the votes. . . .' The word 'verified' when used in reference to writings has consistently been defined to mean supported by oath or affirmation. See 46 P.S. 601(107) (now repealed). 1 Pa. S. 1991 (Act No. 290 of December 6, 1972), and Pa. R. C. P. No. 76.

"The effect of the type of irregularity which exists in this case was considered in the case of North Union Township Election Case, 250 Pa. 98, in which case one of the persons signing and swearing to the Petition for the contest was not a qualified elector of the election district. The Court there held that the Petition was not verified as required by the Act of Assembly, and the Court acquired no jurisdiction of the proceeding, stating that an affidavit of the required number of qualified electors is essentially necessary to give jurisdiction.

"In In re: Petition to Open and Recount the Ballots Contained in the Ballot Box of Kulpmont Borough, Second Precinct, 18 Northumberland Legal Journal 130 (1946), the precise question raised in this case was before the Court for determination. The Petition in that case alleged that the three qualified electors, the signers of the Petition to open the ballot box, did not appear personally before the Justice of the Peace to take the affidavit, nor was any oath ever administered to them by the said Justice. The Court in sustaining this objection stated 'There is express statutory requirements as to verification and we sustain the . . . objection to the Petition to open the ballot box.'

See also Taylor Township Election, 79 D. & C. 193 (1951).

"It is recognized that in the Kulpmont Borough and Taylor Township Election cases none of the Petitioners verified the Petition, and in the instant case one of the Petitioners verified it. This, under the holding in the North Union Township Election case, supra, is not adequate. Obviously, the Legislature, while making the opening of ballot boxes easy to attain, felt it necessary to require some basis for the opening of boxes to prevent the filing of Petitions for the sole purpose of indulging in a 'fishing expedition.' No possible construction of the phrase 'if three qualified electors of the election district shall file, as hereinafter provided, a Petition duly verified by them' can permit the conclusions sought by the respondents. To conclude that respondents' position is sound is to rewrite a portion of the Statute by the Court and to erode the effect of the statutory provision by an unwarranted invasion by the judiciary into the legislative field.

"To support the conclusion to dismiss the Petition, one has recourse to 1 Pa. S. 1903(a) where it is stated 'words . . . shall be construed . . . according to their common and approved usage' and 1 Pa. S. 1921(b) where with respect to legislative intent it is stated 'When words of a Statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.' It is submitted that the word 'three' means three, not one, as respondents claim, and that the respondents' position is self-defeating.

"The Court by Order dated December 3, 1973, dismissed the Petition for re-count and this Opinion is written in support of said Order, the Court having been notified on January 8, 1974, that an Appeal was taken to the Commonwealth Court of Pennsylvania."