## In re OPENING OF BALLOT BOXES, MONTOUR COUNTY, Pennsylvania.

## Appeal of Robert B. GEIGER, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1998.

Decided Feb. 26, 1998.

John T. Robinson, Selinsgrove, for appellant.

J. Michael Wiley, Williamsport, for appellee.

Before COLINS, President Judge, KELLEY, J., and RODGERS, Senior Judge.

KELLEY, Judge.

This appeal is grounded in the facts and circumstances that surround the results of the November 4, 1997 election for the Office of District Justice 26-3-04 in Montour County, Pennsylvania. There were two candidates: Robert B. Geiger, the incumbent, and Marvin K. Shrawder. The unofficial returns declared Shrawder as winner of the election over his opponent Geiger by a majority of one vote. On November 7, 1997, the Montour County Board of Elections (election board) conducted the official computations and canvassing of the returns and officially certified that Shrawder received 2121 votes and Geiger received 2120.

On November 12, 1997, Geiger filed with the Court of Common Pleas for the 26th Judicial District, Montour County Branch, (trial court) fifteen *pro se* Petitions To Open Ballot Box And Recount Votes (petitions to recount) in each of the fifteen election districts involved in the election pursuant to section 1701 of the Pennsylvania Election Code.[1] By order dated November 13, 1997,

---

1. Act of June 3, 1937, P.L. 1333, 25 P.S. § 3261. Section 1701(a) provides:

(a) The court of common pleas, or a judge thereof, of the county in which any election district is located in which ballots were used,

the trial court granted Geiger's petitions by ordering a recount of the ballots to be conducted on November 19, 1997. The trial court appointed five individuals (recount board) to recount the ballots. The recount was conducted without objection or other answer by Shrawder to Geiger's petitions.[2]

The recount determined that the election of November 4, 1997 resulted in a tie vote. By order dated November 19, 1997, the trial court officially certified the result of the recount to the election board and ordered lots to be cast to break the tie. On November 21, 1997, lots were cast pursuant to section 1418 of the Pennsylvania Election Code, 25 P.S. § 3168. Geiger, as winner of the lot, was declared the winner of the election.

On November 24, 1997, Shrawder filed with the trial court a *pro se* Petition To Dismiss And/Or Set Aside The Recount Proceedings (petition to dismiss). The petition to dismiss requested that the trial court dismiss, void, and/or invalidate the recount proceedings as the trial court was without jurisdiction to order a recount because Geiger's petitions to recount lacked proper verification as required by section 1701 of the Pennsylvania Election Code. The petition to dismiss further requested that Shrawder be declared the successful candidate based upon the official computations conducted by the election board on November 7, 1997. A hearing on Shrawder's petition to dismiss was held before the trial court on December 10, 1997.

At the hearing, the parties stipulated to the fact that none of the forty-five signatures appearing on the fifteen petitions to recount were verified pursuant to section 1701(a) of the Pennsylvania Election Code. As a result,

the trial court found that Geiger's petitions to recount were fatally flawed and concluded that the court was without jurisdiction to direct a recount. By order dated December 15, 1997, the trial court struck the order of November 13, 1997 directing the opening of ballot boxes for recount and the order of November 19, 1997, certifying the results of the recount and declaring a tie vote (collectively, the "recount orders"). The trial court then declared that the casting of lots pursuant to the November 19, 1997 order was null and void and ordered the election board to certify the original results of the election and declare Marvin K. Shrawder the successful candidate. Geiger appealed the trial court's decision to this court.

On appeal, Geiger raises the issue of whether the trial court committed reversible error of law by finding that the petition to recount contained a fatal defect which was not capable of cure by subsequent Oath, thereby depriving the trial court of jurisdiction over the recount proceedings.

Section 1701(a) of the Pennsylvania Election Code requires, in part, that a request for recount shall be predicated on a petition filed by three qualified electors of the election district in a petition duly verified. Some cases have held that in order for a court to have jurisdiction to order a recount, the verification requirements of section 1701 must be satisfied. *See In re Edmond's Appeal,* 317 Pa. 151, 176 A. 425 (1934); *Giacobello v. Board of Elections of the Borough of Mount Union, Huntingdon County,* 14 Pa.Cmwlth. 376, 322 A.2d 429 (1974). Other cases have held that the failure to duly verify a petition can be an amendable defect which does not

---

shall open the ballot box of such election district used at any general, municipal, special or primary election held therein, and cause the entire vote thereof to be correctly counted by persons designated by such court or judge, if three qualified electors of the election district shall file, as hereinafter provided, a petition duly verified by them, alleging that upon information which they consider reliable they believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the computation of the votes cast for all offices or for any particular office or offices in such election district, or in the marking of the ballots, or otherwise in connec-

tion with such ballots. It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error which they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition.

2. On November 20, 1997, Shrawder filed a *pro se* complaint in equity alleging that the recount had been improperly ordered and requested that the recount be restrained. Since the recount had already been completed, the trial court dismissed the equity action by order dated November 21, 1997.

deprive the court of jurisdiction. *See In re Recanvassing of Certain Voting Machines for Election of Republican Candidate for County Commissioner in November 1983 General Election,* 504 Pa. 593, 475 A.2d 1325 (1984); *In re Nomination Petition of Ross,* 411 Pa. 45, 190 A.2d 719 (1963).

■ But upon a careful examination of these cases, we note that the issue of whether or not the court had jurisdiction over the recount proceeding was raised *prior* to the undertaking, let alone completion, of the official recount. The case at hand is clearly distinguishable in that the issue of jurisdiction was raised *after* the recount was completed and officially certified to the election board. We, therefore, believe that the pertinent issue before this court is whether the trial court committed reversible error of law by striking the recount orders and voiding the results thereof on the grounds that it was without jurisdiction after the results had been officially certified.

■ Our Supreme Court has held that once the recount board officially certifies the results of the election to the election board, the recount under the provisions of section 1701 of the Election Code is final. *In re Ballot Boxes and Recount of Ballots Cast in General Election on November 3, 1959, of Justice of Peace and Township Commissioner,* 399 Pa. 77, 159 A.2d 905 (1960). Once final, the only way the recount may be challenged is by a timely filed election contest. *Id.*

In the present case, the recount was conducted on November 19, 1997, without timely objection by Shrawder. The recount board determined that the election resulted in a tie vote. The results of the recount were officially certified to the election board, thereby making the recount final. The tie was then resolved in Geiger's favor.

Shrawder, however, did not file an election contest. Instead, he filed a petition to dismiss the recount on November 24, 1997, after it was apparent that the recount and subsequent cast of lots changed the result of the election. As there was no legal basis for the petition to dismiss the recount after the results thereof had been certified to the elec-tion board, the matter was nonjusticiable and not appropriate for court review. Therefore, the trial court should have dismissed the petition as being *coram non judice. See id.* Accordingly, the order of the trial court of December 15, 1997, is reversed.

### ORDER

AND NOW, this 26th day of February, 1998, it is hereby ordered:

1. The order of December 15, 1997 of the Court of Common Pleas for the 26th Judicial District, Montour County Branch, is reversed.

2. The order of November 13, 1997 of the Court of Common Pleas for the 26th Judicial District, Montour County Branch, directing the opening of ballot boxes for recount, is reinstated.

3. The order of November 19, 1997 of the Court of Common Pleas for the 26th Judicial District, Montour County Branch, which certified the results of the recount and declared a tie vote, is reinstated.

4. The casting of lots conducted on November 21, 1997, was valid. The determination that Robert B. Geiger, the winner of the lot, is the successful candidate for the Office of the District Justice 26-3-04 in Montour County is binding upon the parties.

5. The Prothonotary of Montour County shall refund to Geiger the sum of $450.00 from the funds deposited by him in this matter as previously directed by the order of November 19, 1997.