718 A.2d 774

**In re OPENING OF BALLOT BOXES, MONTOUR COUNTY, Pennsylvania.**

**Appeal of Marvin K. SHRAWDER.**

Supreme Court of Pennsylvania.

Submitted July 10, 1998.

Decided Sept. 30, 1998.

208

J. Michael Wiley, Williamsport, for Marvin K. Shrawder.

John T. Robinson, Selinsgrove, for Robert B. Geiger.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION

ZAPPALA, Justice.

This appeal arises out of the November 4, 1997, election for the office of District Justice for magisterial district 26–3–04 in Montour County. The principal question is whether the common pleas court had jurisdiction when it directed that its prior order for a recount be stricken. The secondary question, which is relevant only if the first question is answered in the affirmative, is whether, on the merits, the striking of the

recount order was erroneous. Commonwealth Court held that the court did not have jurisdiction to strike the recount order. We reverse. We also conclude that the common pleas court ruled correctly in striking the recount order.

There were two candidates for the office in question. On November 7th, the county election board canvassed the returns and certified Appellant Marvin Shrawder as the winner, with 2121 votes. Appellee Robert B. Geiger received 2120 votes. On November 12th, Geiger filed a Petition to Open Ballot Box and Recount Vote as to each of the fifteen election districts involved. On November 13th, the common pleas court ordered a recount to be conducted on November 19th and 20th and appointed five individuals to perform the recount.

The recount was conducted on November 19th. Each candidate received 2135 votes. The court entered an order that same day reporting the tie vote to the county election board and ordering that lots should be cast on November 21st to determine the winner. This was done and Geiger was declared the winner.

On November 24th, Shrawder filed a Petition to Dismiss and/or Set Aside the Recount Proceedings. He asserted, inter alia, that the recount petitions filed by Geiger were defective in that the signatures of the electors who signed them were not verified.

The court conducted a hearing, and on December 15th ordered that the order directing the recount and the order certifying the results of the recount to the election board be stricken, and declared the casting of lots a nullity. The court treated Shrawder's petition as a timely appeal pursuant to Section 1407 of the Election Code, 25 P.S. § 3157, stating that Shrawder was an "aggrieved person, resulting from the casting of lots." The court held that the lack of verification of the signatures on Geiger's Petitions to Open Ballot Box and Recount Vote was a jurisdictional defect that could not be cured. Being a jurisdictional defect, it was not waivable and thus could properly be raised after the results of the casting of

lots had been reported by the court to the election board. The court noted in its Opinion, "had I recognized that the jurat on each petition was made only to the signature of Robert B. Geiger, "AS TO ROBERT B. GEIGER'S SIGNA-TURE," I would not, as I have done in the past, ordered a recount because of the lacking verification."

Commonwealth Court reversed, holding that once the results of the recount had been certified to the election board, the recount was final and could only be challenged by the filing of an election contest. The court cited *In re Ballot Boxes and Recount of Ballots Cast in General Election on November 3, 1959, of Justice of Peace and Township Commissioner (Appeal of Komoroski)*, 399 Pa.77, 159 A.2d 905 (1960), in concluding that the Petition to Dismiss was nonjusticiable after the results of the recount had been certified.

Shrawder argues that the *Appeal of Komoroski* case cited by the Commonwealth Court is distinguishable. We agree. The appeal in that case was from an order refusing to vacate a recount. The Opinion, which is a mere four paragraphs, does not contain a detailed chronology of the events or pleadings. However, the final paragraph states

There was no legal basis for the petition to vacate the recount after the result thereof had been certified by the Recount Board to the County Return Board before the latter board's canvass and computation of the votes cast at the election had been completed, *and the recount had become merged in the final official tabulation, as certified by the County Return Board.* The only procedure then for questioning the ultimate result was an election contest, and such the appellant did not institute.

399 Pa. at 78, 159 A.2d at 906–07 (emphasis added). Thus it appears that Komoroski sought to vacate the results of the recount after the election board had certified the results of the election. In this case, the recount board reported its results to the court, which in turn reported the results to the election board and ordered the casting of lots, but although the lots were cast, Shrawder filed his Petition before the election board certified the results of the election (casting of lots).

Unlike *Appeal of Komoroski,* the matter of the recount in this case remained within the jurisdiction of the court.

That having been said, we do not agree with the common pleas court's characterization of Shrawder's Petition as an appeal pursuant to Section 1407 of the Election Code, 25 P.S. § 3157. That section deals with appeals from decisions of county boards to the court of common pleas. The decision at issue here was the court's own order directing a recount, not any decision or order of the recount board. See *In re Recount of Ballots of Albany Township (Appeal of Cullen),* 392 Pa.602, 141 A.2d 389 (1958) (distinguishing between appeal from decision of a county board under Section 1407 and a recount proceeding under Section 1701). Regardless of how Shrawder's petition is characterized, though, we conclude that the court acted within its authority when it reconsidered and ultimately vacated its previous orders.

In *Greenwood Township Election Case,* 344 Pa. 350, 25 A.2d 330 (1942), a recount was ordered as to sixteen districts. When the last of the districts was recounted, the court determined that certain ballots had been tampered with between the time of the tabulation by the election officers and the time of the recount. After determining how these ballots should be counted, the court certified the recount. The result caused the election to be a tie. Five days later, however, the court sua sponte revoked the certification of the recount as to the first fifteen districts to determine whether the same type of tampering had occurred in them as had been discovered in the last district to be recounted. Tampering was found in one. The court determined that erasures, which had caused ten ballots to be invalidated in the original recount, had been made after the original tabulation and before the recount. With these changes, the result was no longer a tie.

The unsuccessful candidate appealed, arguing that the common pleas court exceeded its jurisdiction in revoking its order and requiring a second recount after the first recount had been certified. We rejected this argument, applying the common law rule that "all decrees, however final or conclusive, are under the plenary control of the court which pronounces

them, at least during the term at which they are rendered or entered of record." 344 Pa. at 356–57, 25 A.2d at 334.

The legislature has modified this rule, but the essence of the court's power remains the same. "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within thirty days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. Under the reasoning of *Greenwood Township*, the court's order of December 15th striking the orders of November 13th and 19th can be upheld as a proper exercise of its authority under this section.[1]

Commonwealth Court did not reach the merits of the verification issue because of its determination that Shrawder's only recourse was the filing of an election contest. The court's opinion, however, suggested that there is conflicting authority on whether lack of verification is a fatal defect that deprives the common pleas court of jurisdiction over the recount petitions, or whether it is a defect that can be amended. The court cited *In re Edmond's Appeal*, 317 Pa. 151, 176 A. 425 (1935), and *Giacobello v. Board of Elections of the Borough of Mount Union, Huntingdon County*, 14 Pa.Cmwlth. 376, 322 A.2d 429 (1974), for the former view and *In re Recanvassing of Certain Voting Machines for Election of Republican Candidate for County Commissioner in November 1983 General Election*, 504 Pa. 593, 475 A.2d 1325 (1984), and *In re Nomination Petition of Ross*, 411 Pa. 45, 190 A.2d 719 (1963), for the latter view.

*In re Nomination Petition of Ross* is clearly inapposite and merits no discussion as it deals with the verification requirements for petitions to be placed on the ballot, not petitions for recount. Regarding the *1983 General Election* case, Shrawder correctly argues that, contrary to Commonwealth Court's

---

1. The thirtieth day following the entry of the order directing a recount was December 13, 1997, a Saturday. Thus the order entered the following Monday fell within the time authorized by Section 5505. See 1 Pa.C.S. § 1908.

suggestion, we did not hold that lack of verification of recount petitions is a curable defect. Indeed, we stated in that case

in four districts the affidavits verifying the petition had not been signed in the presence of a notary public. The Court properly dismissed the petition as to those four districts.

504 Pa. at 596–97, 475 A.2d at 1327. Our decision only allowed the recount to proceed as to ten districts where the signatures were verified but the verification lacked proper form because the notary had failed to require the oath. Because the defect in form was the fault of the notary, we held it was curable by having the signers testify at the proceedings.

In *North Union Township Election Case*, 250 Pa. 98, 100, 95 A. 421 (1915), which involved an election contest, we adopted the opinion of the common pleas court, which stated

The petition was not verified as required by the act of assembly, and the court acquired no jurisdiction of the proceeding.... This objection being fatal to the proceeding it is not necessary to consider the other reasons assigned in support of the motion to quash.

In *Giacobello*, Commonwealth Court affirmed the dismissal of a petition for recount on the opinion of the common pleas court, which it reproduced in full. That common pleas opinion, in turn, relied on *North Union Township*, making additional reference to two common pleas decisions: *In re Petition to Open and Recount the Ballots Contained in the Ballot Box of Kulpmont Borough, Second Precinct*, 18 Northumberland Legal Journal 130 (1946), and *Taylor Township Election*, 79 D & C 193 (1951).

From the foregoing it appears that under prior election laws and the present Election Code, it has been consistently held for more than eighty years that a recount petition not verified in accordance with the statutory requirements does not properly invoke the jurisdiction of the common pleas court and should be dismissed. Had the court noticed the lack of verification when the petitions in this case were filed, that would have been the result here. The fact that the issue was raised in an irregular manner is of no moment, since the court

could have both raised the issue and decided it in the same fashion sua sponte.

For the foregoing reasons, the Order of the Commonwealth Court is vacated and the Order of the Court of Common Pleas of Montour County dated December 15, 1997, is reinstated.