**In re CONTEST OF 2003 GENERAL ELECTION FOR THE OFFICE OF PROTHONOTARY OF WASHINGTON COUNTY, Pennsylvania.**

**Appeal of Judith FISHER.**

Commonwealth Court of Pennsylvania.

Heard Jan. 9, 2004.
Decided Jan. 13, 2004.
Publication Ordered Jan. 30, 2004.

Daniel L. Chunko, Washington, for appellant.

Peter M. Suwak, Washington, for appellee.

1. Matheny is the incumbent prothonotary and the winner, by seven (7) votes, of the November general election for office of the prothonotary. The trial court impounded the ballot boxes challenged but did not stay the certification of the election results pending the out-

OPINION BY Senior Judge FLAHERTY.

Judith Fisher (Fisher), the challenger, appeals from a decision of the Court of Common Pleas of Washington County (trial court) which granted the preliminary objections of Phyllis Ranko Matheny (Matheny) to Fisher's Amended Petitions for Contest of the 2003 General Election for Office of the Prothonotary.[1]

Fisher, the challenger, defeated Matheny in the Spring 2003 Democratic primary. However, Matheny collected enough write-in votes to win the Republican nomination in the primary. So, Fisher, the Democratic nominee, and Matheny, the Republican nominee, faced each other in the November general election. After the returns were computed and canvassed in the November General Election, the County Board of Elections declared that Matheny had defeated Fisher by only seven (7) votes. Fisher then petitioned the trial court to have nine ballot boxes in nine precincts recounted. In these precincts, voters cast their ballots for the straight party ticket (Democrat), but also voted for individual candidates. Matheny filed preliminary objections to these nine petitions arguing that the petitions were not sufficient under the Election Code because they were not verified by a notary and because the petitions did not state that they were filed by qualified electors, nor did they state that they were petitioning the trial court to recount the ballots.

By decision and order dated December 3, 2003, the trial court denied the preliminary objections of Matheny with regard to

come of this appeal. The issue regarding whether the appeal is now moot has not been raised by either party. Matheny was sworn in on Monday, January 5, 2004 along with the other Washington County elected officials.

the verification issue and held that the verifications did not need to be signed in the presence of a notary. In support of her decision, the trial judge cited Section 102 of the Judicial Code, 42 Pa.C.S. § 102, which defines "verified" as "an unsworn document containing a statement by the signatory that is made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities)." Because Fisher's petitions did contain a statement like the one described in Section 102 of the Judicial Code, the trial judge felt that the petitions were "verified" as required by the Election Code. However, the trial judge dismissed the nine recount petitions because "in each verification, the individual does not aver that he or she is a qualified elector in that district, nor does the individual aver that he or she is petitioning the Court or joining with Ms. Fisher in petitioning the Court."

Thereafter, Fisher filed a Motion for Reconsideration, which was denied by order dated December 10, 2003. However, the trial judge granted Fisher three days to file amended petitions that conformed with the Election Code. Fisher and three electors in each district then filed nine amended petitions. Each separate petition listed Fisher and three different electors as Petitioners in each district. Again, Matheny filed preliminary objections and again objected that the petitions were not verified by a notary. In addition, since only Fisher's attorney signed the amended recount petitions, Matheny objected that the amended recount petitions were not signed by the electors. By order dated December 22, 2003, the trial judge issued an order granting Matheny's preliminary objections. The only reason the trial judge gave for sustaining the preliminary objections was that "the Amended Petitions fail to adhere to the format and requirements of the Election Code." The trial judge did not specifically state the requirements of the Election Code with which the nine petitions did not comply. Fisher then filed an appeal in her name only with the Supreme Court, which transferred this case to the Commonwealth Court. Shortly thereafter, a hearing was held pursuant to Pa. R.A.P. 3102(c)(2), which provides that a single judge of the Commonwealth Court shall be a quorum for the purposes of hearing and determining any election matter.

In addition to Fisher's appeal, there are several other matters currently before this Court. First, Matheny has filed a Motion to Quash Fisher's appeal alleging that only the voters who petitioned to have the ballot boxes recounted, not the candidate Fisher, have standing to appeal. Second, Fisher has also filed a Complaint in Mandamus against the trial judge asking that this Court direct the trial judge to appoint a board to recount the votes in three precincts that Matheny supporters asked to be recounted. Fisher argues that these three precincts have not been recounted despite proper petitions being filed because the trial court improperly granted Matheny a Stay in the recounting of these ballots. Fisher argues that the trial judge had no authority to enter a Stay in this regard.[2] In response, Matheny has filed Preliminary Objections to Fisher's Complaint in Mandamus. Matheny states that

---

**2.** Normally, this matter would be before the Supreme Court. However, because it is ancillary to the election contest, it is properly before Commonwealth Court. *See* 42 Pa.C.S. § 721 ("The Supreme Court shall have original but not exclusive jurisdiction of all cases of: ... (2) Mandamus or prohibition to courts of inferior jurisdiction") and 42 Pa.C.S. § 761(c) ("The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction ...")

the petitions to have the three precincts recounted were "precautionary petitions so that in the event Fisher was successful in overturning the state electoral regulations, republican precincts would be counted as well as democratic precincts" which Fisher has asked to be recounted. Matheny asserts that Fisher does not have standing to ask that these three precincts be counted when she did not file the petitions to have them counted. Finally, to protect their interests, the electors who filed the three petitions to recount that are the subject of the Complaint in Mandamus have requested that they be allowed to Intervene in this matter.

With regard to the recounting of ballot boxes, the Pennsylvania Election Code (Election Code)[3] provides that:

> (a) The court of common pleas, or a judge thereof, of the county in which any election district is located in which ballots were used, shall open the ballot box of such election district used at any general, municipal, special or primary election held therein, and cause the entire vote thereof to be correctly counted by persons designated by such court or judge, *if three qualified electors of the election district shall file, as hereinafter provided, a petition duly verified by them,* alleging that upon information which they consider reliable they believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the computation of the votes cast for all offices or for any particular office or offices in such election district, or in the marking of the ballots, or otherwise in connection with such ballots. It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error which they believe to have been

committed, nor to offer evidence to substantiate the allegations of their petition.
> . . .
> (f) Ballot boxes may be opened under the provisions of this section at any time within four months after the date of the general, municipal, special or primary election at which the ballots therein shall have been cast.

25 P.S. § 3261 (emphasis added).

■ First, we address Matheny's Motion to Quash. Matheny argues that only the electors who petitioned the trial court to have the ballot boxes recounted have standing to appeal the trial court's decision to sustain Matheny's preliminary objections to those petitions. We disagree. Pa. R.A.P. 501 provides that:

> **Rule 501. Any Aggrieved Party May Appeal**
> Except where the right of appeal is enlarged by statute, *any party who is aggrieved* by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

(emphasis added). In addition, Pa. R.A.P. 908 provides that "[a]ll parties to the matter in the court from whose order the appeal is being taken shall be deemed parties in the appellate court ..." Further, the Election Code provides that:

> *Any person aggrieved* by any order or decision of any county board regarding the computation or canvassing of the returns of any primary or election, *or regarding any recount or recanvass thereof under sections 1701, 1702 and 1703* of this act, may appeal therefrom within two days after such order or decision shall have been made ...

25 P.S. § 3157 (emphasis added).

Fisher filed each petition in her name as well as the names of the electors and was,

---

**3.** Act of June 3, 1937, P.L. 1333.

therefore, a party to the matter that is being appealed. In addition, although she could not have properly filed the petitions to open the ballot boxes only by herself, she is clearly a party aggrieved by the trial court's decision which stops those ballot boxes from being recounted. Therefore, under the Rules of Appellate Procedure and the Election Code, Fisher was entitled to file this appeal. Accordingly, Matheny's Motion to Quash is denied.

■ Before we address the merits of Fisher's appeal, we must also address her Complaint in Mandamus which seeks to force the trial judge to recount three ballot boxes which Matheny supporters have asked to be recounted. Fisher argues that the Election Code does not give the trial judge any authority to issue a stay to prevent the ballot boxes from being recounted. We disagree. The trial judge was informed that these petitions were filed as a protective measure only and that the electors only wanted them recounted in the event a recount occurs with regard to the nine ballot boxes that Fisher supporters have petitioned to have recounted. The Election Code does not state that a recount must take place *immediately* after a proper petition is filed. In fact, the Election Code permits four months within which to open ballot boxes for a recount. *See* 25 P.S. § 3261(f), *supra*. Thus, we fail to see how the trial judge has abused her discretion in delaying the recount of these ballot boxes pending the outcome of the nine recount petitions of Fisher supporters that are currently before this Court. Accordingly, we grant the Petition to Intervene filed by the Matheny supporters and dismiss Fisher's Complaint in Mandamus.

Finally, we address the merits of Fisher's appeal. Fisher argues that her petitions did comply with the Election Code and that the nine ballot boxes should be recounted. Because the trial court did not specify the exact reasons why these nine amended petitions did not comply with the Election Code, we must address both arguments raised in the preliminary objections Matheny filed with the trial court. Matheny objected that, because the nine petitions were not signed in the presence of a notary, they were not properly "verified" as required by Section 1701(a) of the Election Code, so the jurisdiction of the trial court was never properly invoked. Matheny also objected that the amended petitions were invalid because they were not signed by the electors. Additionally, in her various filings with this Court, Matheny also argues that the trial court relinquished subject matter jurisdiction when it dismissed the original nine petitions and had no power to thereafter grant Fisher and the electors leave to amend the petitions because the five day period for filing such petitions after computation of the votes had expired.[4]

■ In support of her argument, Fisher asserts that nothing in the Election Code requires that the petitions be signed in the presence of a notary. Rather, Section 1701(a) of the Election Code only requires that the petitions be "verified" and Fisher asserts that they were verified as that term is defined in Section 102 of the Judicial Code, which provides that "verified" means:

> an unsworn document containing a statement by the signatory that is made subject to the penalties of 18 Pa.C.S.

---

4. *See* 25 P.S. § 3263(a)(1) ("Any petition to open a ballot box or to recanvass the votes on a voting machine pursuant to sections 1701 and 1702 shall be filed no later than five (5) days after the completion of the computational canvassing of all returns of the county by the county board ...")

§ 4904 (relating to unsworn falsification to authorities).

In addition, Fisher cites Pa. R.C.P. 76, which states that:

"verified," when used in reference to a written statement of fact by the signer, means supported by oath or affirmation *or* made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities;

(emphasis added). Because the nine petitions contained written statements by the electors that they were made subject to the penalties of 18 Pa.C.S. § 4904, Fisher argues that the nine petitions were properly "verified".

Matheny, however, cites the Supreme Court decision of *In re Recanvassing of Certain Voting Machines for Election of Republican Candidate for County Commissioner in November 1983 General Election* 504 Pa. 593, 475 A.2d 1325 (Pa. 1984), in support of her contention that recount petitions must be signed in the presence of a notary to be properly "verified" under the Election Code. In that case, Justice Papadakos stated that:

With respect to the fourteen remaining districts, testimony revealed that in four districts the affidavits verifying the petition *had not been signed in the presence of a notary public. The Court properly dismissed the petition as to those four districts.*

Id. at 596–597, 475 A.2d at 1327 (emphasis added).[5] In addition, Matheny cites a 1998 Supreme Court of Pennsylvania case wherein the Court reaffirmed its decision in the *1983 General Election* case when it stated:

Regarding the *1983 General Election* case, Shrawder [the appellant] correctly

argues that, contrary to Commonwealth Court's suggestion, we did not hold that lack of verification of recount petitions is a curable defect. Indeed, we stated in that case

in four districts the affidavits verifying the petition *had not been signed in the presence of a notary public. The Court properly dismissed the petition as to those four districts.*

504 Pa. at 596–97, 475 A.2d at 1327. Our decision only allowed the recount to proceed as to ten districts where the signatures were verified but the verification lacked proper form because the notary had failed to require the oath. Because the defect in form was the fault of the notary, we held it was curable by having the signers testify at the proceedings.

. . .

*In re Opening of Ballot Boxes, Montour County,* 553 Pa. 207, 718 A.2d 774, 777 (Pa.1998) (emphasis added).

The Supreme Court precedents, however, do not hold that it is unacceptable to verify election recount petitions by making a written statement subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities. The cases cited by Matheny only deal with either an attempt at verification by a notary public which was defective or no verification at all. The cases cited do not hold that signing in the presence of a notary public in order to be "verified" as that term is used in the Election Code is the *exclusive* method of verification. As such, the issue of verification by 18 Pa.C.S. § 4904 is apparently a matter of first impression in the case *sub judice.*

---

**5.** *1983 General Election* was decided by a panel of three justices but two of them concurred in the result only without comment.

Fisher argues that the Election Code does not expressly require a notary public in order to verify a recount petition and that verification by a notary public is specifically not required by both the Judicial Code and the Rules of Civil Procedure which accept as verification a statement that it is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities. I agree. If verification is made before a notary public it must be proper and complete but verification of a recount petition may also be made by the method defined in the Judicial Code and the Rules of Civil Procedure which we rely on for guidance when a term like verification is not defined in the statute.[6] Therefore, the amended petitions were "verified" as required by the Election Code.

■ Next, we address Matheny's argument that the amended petitions were not signed by the electors and, therefore, do not comply with the Election Code. In support of her position, Matheny cites the Supreme Court case of *In re Recount of Ballots Cast in General Election of November 6, 1973,* 457 Pa. 279, 325 A.2d 303 (1974). We disagree with Matheny. *Election of November 6, 1973* does not hold that the signature of the electors must be on the same page as the petition itself but only recognized that the candidate cannot be the only one to sign both the petitions and the verification. The Election Code only provides that the electors must *verify* the petition, not sign it. Based on our reasoning set forth above, the petitions have been duly verified by the written statement referencing 18 Pa.C.S. § 4904 which was attached to the petitions.

■ Finally, we address Matheny's argument that the trial court could not grant leave to amend the recount petitions because it did not have jurisdiction after it dismissed the petitions as initially filed. The courts of Pennsylvania are authorized to change their orders or decisions. Section 5505 of the Judicial Code provides that:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Thus, even though it had initially simply dismissed the petitions without granting a leave to amend, the trial court properly exercised its discretion under Section 5505 of the Judicial Code when it granted leave to amend the petitions which as amended were properly verified and in the form required by the Election Code.

In addition, Matheny argues that because the initial petitions were not properly verified, the trial court was without jurisdiction to permit amendment of the petitions and, because the amended petitions were not filed within five days as required by 25 P.S. § 3263, they were untimely. In support of her contention Matheny cites the *Montour County* case. We disagree with Matheny. The Election Code provides that:

> The commencement of proceedings in the case of contests of the second, third, fourth and fifth classes shall be by petition, which shall be made and filed, as herein required, within twenty days after the day of the primary or election, as the case may be. The petition shall

---

**6.** In the "definitions" section of the Election Code, the term "verify" is not defined. *See* 25

P.S. § 2602.

concisely set forth the cause of complaint, showing wherein it is claimed that the primary or election is illegal, *and after filing may be amended with leave of court,* so as to include additional specifications of complaint. After any such amendment, a reasonable time shall be given to the other party to answer.

25 P.S. § 3456 (emphasis added). We reject Matheny's argument because there were other problems with the initial petitions but not verification. The nine recount petitions filed by Fisher and her supporters were verified by a written statement subject to the penalties of 18 Pa.C.S. § 4904. Thus, the trial court did not err when it originally overruled Matheny's preliminary objections and concluded that the petitions were properly verified without notarization because they were verified by the statement referring to unsworn falsification to authorities. Rather, the preliminary objections the trial judge sustained pertained to the petitions failing to state that the three individuals for each petition were qualified electors of the district and that they were petitioning the court or joining in with Fisher in petitioning the Court. As such, although the initial petitions were defective, the jurisdiction of the trial court was invoked within the time limit set forth in 25 P.S. § 3263 and the trial judge was permitted to allow Fisher and her supporters to file amended petitions pursuant to 25 P.S. § 3456.

Accordingly, the order of the trial court is reversed and this matter is remanded to allow the trial court to order the recounting of the nine ballot boxes challenged by the subject petitions.

### *ORDER*

AND NOW, January 13, 2004, the Motion to Quash filed by Phyllis Ranko Matheny is hereby DENIED. The Petition to Intervene filed by the Phyllis Ranko Matheny supporters is hereby GRANTED and the Complaint in Mandamus filed by Judith Fisher is hereby DENIED. The order of the Court of Common Pleas of Washington County dated December 22, 2003 and docketed at No. 2003–6775 is hereby REVERSED and REMANDED for further proceedings in accordance with the foregoing opinion.