J-S28009-19

2019 PA Super 349

DOMUS, INC.                              :     IN THE SUPERIOR COURT OF
                                         :          PENNSYLVANIA
                                         :
            v.                           :
                                         :
                                         :
                                         :
SIGNATURE BUILDING SYSTEMS OF            :
PA, LLC                                  :
                                         :     No. 1547 MDA 2018
                    Appellant

Appeal from the Order Entered August 2, 2018
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2015 Civil 4440

BEFORE:  BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

CONCURRING OPINION BY STRASSBURGER, J.:     **FILED NOVEMBER 26, 2019**

The Majority determines that the lack of a properly authenticated judgment is an issue of subject matter jurisdiction, and therefore cannot be waived.  I have grave doubts about this determination.  Nevertheless, I join the Majority based upon our Supreme Court's opinion in *In re Opening of Ballot Boxes, Montour County*, 718 A.2d 774 (Pa. 1998).

In my view, the insufficient verification is a technicality that can be remedied, akin to a pleading that is not verified properly in accordance with Pa.R.Civ.P. 1024 (requiring every pleading with an averment of fact outside of the record or a denial of fact to contain a verification).  This Court deems substantial compliance with Rule 1024 to be sufficient.  *Monroe v. Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 958 (Pa. Super. 1979).  This is because "[v]erification is necessary to defend a party against spurious allegations; it must not be transformed into an offensive weapon

*Retired Senior Judge assigned to the Superior Court.

designed to strike down an otherwise valid petition." ***Id.*** Because verification merely is necessary for the protection of the party, this Court has rejected the notion that verification is required to invoke the jurisdiction of the lower court. ***Id.*** at 959 n.5.; ***see also Rupel v. Bluestein***, 421 A.2d 406, 410 (Pa. Super. 1980) (agreeing that defects in verification to pleadings were not jurisdictional); ***George H. Altof, Inc. v. Spartan Inns of America, Inc.***, 441 A.2d 1236 (Pa. Super. 1982) (holding a court may not strike confessed judgment due to a defective verification of a complaint and noting that "a defective verification does not affect the jurisdiction of the court").

Nevertheless, I join the Majority's Opinion based upon ***Ballot Boxes***. In that case, which involved an election recount petition, our Supreme Court observed there was conflicting authority on whether a lack of verification attached to the petition is a fatal defect that deprives a court of common pleas of jurisdiction over the petition, or whether the omitted verification is a defect that can be remedied by filing an amended petition with a proper verification. ***Ballot Boxes***, 718 A.2d at 777. The High Court concluded that because the Election Code expressly required recount petitions to be verified, "a recount petition not verified in accordance with the statutory requirements does not properly invoke the jurisdiction of the common pleas court and should be dismissed." ***Id.*** Because UEFJA expressly requires a

- 2 -

copy of a foreign judgment to be authenticated, I join the Majority's Opinion based upon the similar issue in **Ballot Boxes**.[1]

---

[1] In footnote 7, the Majority opines that this Concurrence is "essentially excusing foreign judgments that lack authentication as required by § 4306(b)." Majority Opinion at 13 n.7. That is not the case. Lack of authentication is a defect. The musing in my Concurrence posits that such a defect should not be jurisdictional and thus not waivable for failure to raise it below.