# Gulf Mortgage and Realty Investments v. Alten

*Judith E. Fellheimer*, for plaintiff.
*Gregory J. Dean*, for defendants.

TREDINNICK, *J.*, July 28, 1977—Defendants have appealed an order of this court denying a motion to strike a judgment entered against them pursuant to the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P.L. 1157, 12 P.S. §921 et seq. Plaintiff had obtained judgment against defendants in Florida after the latter had defaulted on a mortgage and funds realized from the resultant foreclosure proved deficient.

Two prior attempts were made to enter the judgment in this county. The first, indexed at 76-3566, was stricken because of procedural defects on defendants' motion. The second, entered against defendant Alten only, indexed at 76-4295 is still prima facie viable, although there also, a motion to strike is outstanding. At the time this third judgment was

entered, both prior judgments were of record, the first judgment not having been stricken until some 11 days later.

Defendants assert the following reasons in support of the motion to strike: (1) Since plaintiff has heretofore entered judgment on the foreign judgment, which is the basis of this action, the present entry of an identical judgment is unauthorized, and (2) The entry of judgment of plaintiff's attorneys was not authorized by plaintiff.[1]

It is axiomatic that in order to sustain a motion to strike a judgment there must exist a material irregularity on the face of the record: Malakoff v. Zambar, Inc., 446 Pa. 503, 288 A. 2d 819 (1972). Defendants' contentions are that the record establishes a lack of authority to plaintiff's attorneys to file this judgment, and the previous judgments,[2] each of which constitute a material defect requiring this judgment to be stricken.

We shall first deal with the question of the effect of the prior judgments upon this proceeding. In brief, it is the contention of defendants that plaintiff's actions in entering successive judgments upon a single foreign judgment are not authorized by any provision of the Uniform Enforcement of Foreign Judgments Act, supra. There appear to be no cases covering this precise point. Defendants

---

1. Defendants asserted several matters which were in essence attacks upon the validity of the Florida judgment. The full faith and credit clause precludes any inquiry into the merits of the action, and hence we do not discuss these contentions: Higbee Estate, 372 Pa. 233, 93 A. 2d 467 (1953).

2. Although the previous judgments are not technically a part of *this* record, we will consider them as part of the overall record of proceedings on the Florida judgment in this court.

rationalize that, just as a warrant of attorney to confess judgment expires when once used, so also, in the absence of authorization in the act, ought one's ability to enter judgment on a foreign judgment expire when once exercised. The two situations are, of course, not analagous. Confession of judgment involves the entry of judgment without an opportunity on the part of defendant to a hearing on the merits. For this reason, such proceedings have always been carefully monitored and strictly construed by the courts. Hence the rule that a warrant to confess judgment must be exercised in strict conformity with the agreement, and but once: Scott Factors, Inc. v. Hartley, 425 Pa. 290, 228 A. 2d 867 (1967). However, in the case of entry of a foreign judgment, ordinarily, the judgment debtor has had a full opportunity to be heard on the merits in the foreign jurisdiction. Certainly that was the case here. There appears to be no reason to preclude successive filing where, as here, previous filings have been or are subject to dismissal because of procedural defects. The Uniform Act requires that foreign judgments be treated in the same manner as a judgment of any court of common pleas of this state: §2, 12 P.S. §922. Under similar circumstances, we have no doubt that an out of county judgment entered here and stricken for procedural reasons could be once again properly entered. We thus reject the concept that the Uniform Act authorizes the entry of judgment upon a foreign judgment but once.

Secondly, it is contended that plaintiff's attorneys had no authority to enter this judgment. Defendants' point out that plaintiff's answer to the motion to strike was unverified and therefore invalid, and further, that the answer to paragraph 10d of the

motion to strike appears to actually answer paragraph 10e, thus tacitly admitting the allegations of 10d (to wit: that counsel had no authority to enter judgment). As to the latter argument, we need merely note that paragraph 10d of the answer starts with the word "denied." All that follows may be considered surplusage. The allegation was effectively denied. As to the absence of verification — this has been subsequently cured by the filing of a verified answer on April 14, 1977. As noted in 1 Goodrich-Amram 2d, §206:5: ". . . Since the rule [Pa.R.C.P. 206] only requires the verification as a safeguard of the adverse party, the Rule should be deemed to be satisfied even though the verification is not made or filed until after the petition or answer has been filed. The verification although tardily made would still be the safeguard which the rule seeks to furnish the adverse party." Accordingly, the initial absence of verification, now cured, has no probative value in respect to the issue of authorization, and defendants' charge in that respect is not bourne out by the record.

Accordingly, the motion to strike was properly denied.