**Jim W. GRIGGS, Plaintiff–Appellee,**

**v.**

**Robert W. GIBSON, Defendant,**

**Sandra Yellico Austin,
Garnishee–Appellant.**

**No. 86CA0028.**

Colorado Court of Appeals,
Div. I.

March 17, 1988.

Rehearing Denied April 14, 1988.

Hawthorne & Meconi, P.C., Edd C. Gillespie, Canon City, for plaintiff-appellee.

Edwin K. McMartin, P.C., Edwin K. McMartin, Pueblo, for garnishee-appellant.

CRISWELL, Judge.

The garnishee, Sandra Yellico Austin, appeals the judgment for $10,000 entered against her in favor of plaintiff, Jim W. Griggs, under the Uniform Enforcement of Foreign Judgments Act, § 13–53–101, et seq., C.R.S. (1987 Repl.Vol. 6A) (the Act). We reverse.

The Act is designed to simplify the procedure for enforcing in this state a judgment rendered in another state. Prior to its adoption, the only method available to enforce such a judgment was the institution of a typical civil action, grounded upon the prior judgment, which action was subject to the "full procedural requirements" of any other civil action. *See Hunter Technology, Inc. v. Scott,* 701 P.2d 645 (Colo.App.1985). While that option remains open to a foreign judgment creditor, *see* § 13–53–107, C.R.S. (1987 Repl.Vol. 6A); *Hunter Technology, Inc. v. Scott, supra,* such a creditor may now elect to follow the alternate, simplified, procedures set forth in the Act.

Under these procedures, §§ 13–53–103 and 13–53–104, C.R.S. (1987 Repl.Vol. 6A), the creditor must file with the clerk of the Colorado court a "copy" of the foreign judgment, "authenticated in accordance with … the laws of this state." The authenticated copy of the judgment must be accompanied by an affidavit that sets forth the names and last known addresses of the judgment creditor and the judgment debtor. Thereupon, the clerk of the court is enjoined to send a written notice of the filing of the judgment to the judgment debtor.

Upon the judgment creditor's filing of these documents, the foreign judgment has the "same effect" as a judgment rendered by the court where it is filed, and that judgment may be enforced, satisfied, stayed, vacated, or reopened in the same manner as any other judgment of that court. However, no "execution or other process for enforcement" of that judgment may be issued until ten days after the authenticated copy is filed with the court.

In this case, the record does not contain an authenticated copy of the judgment that plaintiff sought to enforce in this state. Rather, plaintiff sought to invoke the simplified procedures established by the Act by filing an "Affidavit of Foreign Judgment," in which plaintiff's Colorado counsel purported to describe a judgment entered by a California court in June 1980. Based upon this affidavit, the district court entered various orders granting to plaintiff the right to proceed to collect a debt purportedly owed by garnishee to a partnership in which defendant allegedly had a fifty per cent interest.

To collect this debt, a writ of garnishment was issued to garnishee; when she returned the writ indicating that she was not indebted to the partnership, a traverse was filed by plaintiff and a hearing held before the court. At that hearing, garnishee objected to the proceedings, arguing that, in the absence of the filing of an authenticated copy of the foreign judgment relied upon, the court lacked jurisdiction to

enforce that judgment. At that point, plaintiff tendered a document to the court that he claimed was a copy of the judgment involved. Over garnishee's objection that the document was not in proper form, the trial court apparently accepted the document as an authenticated copy of the judgment involved and proceeded with the hearing. However, that document has not been included within the record on appeal in this case.

Garnishee asserts, nevertheless, that, since plaintiff failed to file an authenticated copy of the foreign judgment in the first instance, the district court lacked authority to take any steps to enforce that judgment, either by issuing a writ of garnishment, or otherwise. We agree.

The filing of a foreign judgment under the procedure established by the Act is not the institution of an "action." *Hunter Technology, Inc. v. Scott, supra.* It is a step designed to convert a foreign judgment into a domestic judgment capable of being enforced through the judicial processes of this state. Consequently, the filing of the authenticated copy of the foreign judgment is not a mere administrative step that may be waived; it is, rather, the equivalent of the entry of an original judgment by the domestic court and, thus, is a necessary condition precedent to the domestic enforcement of that judgment.

In *Manley v. Manley,* 41 Colo.App. 458, 591 P.2d 1042 (1978), it was held that, in the absence of the filing of this "basic document," there was "no basis" for the court to proceed. And, a document that merely describes the foreign judgment cannot be filed in lieu of an authenticated copy of the judgment itself. *See Hull v. Buffalo Federal Savings & Loan Ass'n,* 661 P.2d 1049 (Wyo.1983) ("certificate of judgment" issued by clerk of rendering court, describing judgment and suitable for recording to give notice of the judgment lien, cannot be substituted for authenticated copy of judgment).

Thus, since plaintiff failed to file an authenticated copy of the foreign judgment when he filed his other documents, the court had no authority to enter any orders or to issue any writs designed to enforce that judgment.

The judgment of the district court is reversed and the cause is remanded to that court with directions to vacate all orders entered and all writs issued to enforce the alleged judgment relied upon by plaintiff.

PIERCE and HUME, JJ., concur.