**Michael WARD, Appellant,**

v.

**Julia Mae PRICE and Johnny Thompson, Appellees.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.

Filed Dec. 20, 2002.

David Denenberg, Philadelphia, for appellant.

Drew Salaman, Philadelphia, for appellee.

Before: BOWES, GRACI and OLSZEWSKI, JJ.

OPINION BY BOWES, J.

¶ 1 Appellant, Michael Ward, appeals the order entered September 7, 2001, in the common pleas court of Philadelphia County striking his foreign judgment. We affirm.

¶ 2 The common pleas court succinctly set forth the facts as follows:

On March 27, 1997, [Appellant] obtained a judgment against [Appellees] which was docketed in Baltimore, Maryland. On May 3, 2001, over four years later, [Appellant] initiated this action pursuant to the Pennsylvania Act for Enforcement of Foreign Judgments, 42 Pa.C.S.A. 4306. As part of his filing, [Appellant] submitted a Praecipe to Enter Foreign Judgment. Appended thereto, was a certified copy of the docket entries maintained by the Clerk of Court of the court in Baltimore. Also attached was a triple seal exemplification which states that "the above is a true and correct copy of the original

Judgment in favor of [Appellant] against both [Appellees]." **However, no copy of the Maryland Judgment itself was included with the filing.**

Thereafter, on June 19, 2001, [Appellant] served a Writ of Execution and Interrogatories in Attachment on Mellon Bank as garnishee. Mellon Bank put a "hold" on [Appellee] Mr. Thompson's account and, on July 9, [2001,] filed answers to the Interrogatories in Attachment.

On July 6, 2001, while the Interrogatories in Attachment were pending, [Appellees] filed a Motion to Strike the Foreign Judgment. Therein, [Appellees] argued [*inter alia*,[1]] that ... the Pennsylvania Judgment was defective as [Appellant] had failed to attach a certified copy of the original judgment to the initial filings....

On August 6, 2001, [Appellant] filed his response to the Motion to strike [in which Appellant asserted] that he had filed authenticated docket entries and an authenticated certificate which stated that there was an original judgment in his favor in the amount $ 174,150.00. [Appellant] argued that these two documents alone were sufficient to demonstrate that a copy of the court order would also state that there was a judgment in his favor in the aforementioned amount.

On September 7, 2001, [the common pleas court] granted [Appellees'] Motion and struck the judgment on the grounds that plaintiff had failed to file a copy of the judgment with his initial pleadings. This timely appeal followed.

Trial Court Opinion, 7/29/02, at 1, 2 (emphasis added).

¶ 3 Pursuant to the full faith and credit clause of the United States Constitution, Pennsylvania courts must recognize and enforce the judgments of its sister states. U.S. CONST. art. IV, § 1. Pennsylvania courts fulfill this constitutional mandate through the Pennsylvania Uniform Act for Enforcement of Foreign Judgments, 42 Pa.C.S. § 4306. The statute reads as follows:

> A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with act of Congress or this title may be filed in the office of the clerk of any court of common plea of this Commonwealth.... A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.

42 Pa.C.S. § 4306(b).

¶ 4 The sole issue before this Court is whether Appellant's Praecipe to Enter Foreign Judgement complied with the technical filing requirements provided in the statute. The trial court concluded that Appellant's failure to attach an authenticated copy of the foreign judgment was fatal; hence, the court reasoned that it was obliged to strike the judgment pursuant to the statute. We review the trial court's conclusions for an abuse of discretion or legal error. *Reco Equipment, Inc. v. John T. Subrick Contracting, Inc.*, 780 A.2d 684 (Pa.Super.2001).

¶ 5 Appellant characterizes his failure to attach an authenticated copy of the

---

1. In addition, Appellees' motion asserted a statute of limitations defense; however, the common pleas court disposed of the motion without addressing this issue, and Appellant does not raise the issue on appeal. Hence, we do not address the merits of this contention.

judgment as an insignificant defect. Appellant contends that the omission is harmless in light of the documents that he did file with the court, which included the certified docket entries and a certified statement acknowledging the existence of a judgment for $174,150.00 in Appellant's favor and against Appellees.

¶ 6 We agree with the common pleas court. If we adopt Appellant's interpretation, we artificially would create a discretionary standard that our legislature did not intend. Therefore, we will apply a strict reading of the statute, which clearly states that Appellant is required to file "[an authenticated] copy of any foreign judgment including the docket entries incidental thereto...." 42 Pa.C.S. § 4306(b) (emphasis added). Appellant does not cite any case law suggesting that such an interpretation of the statute is inaccurate. Moreover, our independent research did not uncover precedent or persuasive case law from our sister jurisdictions that would suggest that Appellant's technical defects were harmless or insignificant.

¶ 7 We find guidance in *Griggs v. Gibson*, 754 P.2d 783 (Colo.App.1988), in which the Colorado Court of Appeals interpreted language under that state's Uniform Enforcement of Foreign Judgments Act, which parallels the language employed by our statute. Both provisions explicitly require a party to file an authenticated copy of the foreign judgment that it seeks to enforce with a clerk of courts for the respective states. *See* 42 Pa.C.S. § 4306(b); C.R.S. § 13–53–103.

¶ 8 In *Griggs*, the Court of Appeals held that a foreign judgment could not be enforced if the plaintiff failed to file an authenticated copy of the judgment it sought to enforce. In that case, the plaintiff did not file an authenticated copy of the judgment. Instead, he filed an affidavit purporting to describe the judgment entered in another state. The trial court accepted the affidavit as sufficient and allowed the plaintiff to proceed to collect the debt purportedly owed. On appeal, the court overturned the trial court's determination. The court reasoned that the filing of the authenticated copy is the equivalent of entering the original judgment; without the authenticated copy, the trial court lacked jurisdiction to enforce the judgment. According to the Colorado Court of Appeals, "[T]he filing of the authenticated copy of the foreign judgment is not a mere administrative step that may be waived; it is, rather, the equivalent of the entry of an original judgment by the domestic court and, thus, is a necessary condition precedent to the domestic enforcement of that judgment." *Griggs*, 754 P.2d at 785.

¶ 9 We reach the same conclusion in the case *sub judice*. Since Appellant did not file an authenticated copy of the judgment of record, the common pleas court was without jurisdiction to enforce the purported judgment entered in Maryland. Thus, Appellant's omission is fatal.

¶ 10 Order affirmed. Jurisdiction relinquished.