HARLACHER SIBUM, /.,
This matter comes before us on defendant’s petition to strike and/or vacate and/or open default judgment entered in Wisconsin *477 and transferred to Monroe County, Pennsylvania. The relevant facts and procedural history are summarized as follows: On March 26, 2010, A3 Global Solutions, LLC (hereinafter A3 Global) commenced an action in Wisconsin against defendant, Commonwealth Financial Systems, Inc. After defendant failed to timely defend the action, A3 Global filed amotion for default judgment on May 10, 2010. The Wisconsin Circuit Court of Dane County granted A3 Global’s motion and entered a default judgment against defendant on May 13, 2010. Thereafter, defendant filed a petition to open the default judgment on May 20, 2010. On June 8, 2010, the Wisconsin Circuit Court, after oral argument, denied defendant’s petition to open the judgment.
On October 8, 2010, A3 Global filed a praecipe for foreign judgment in the amount of $117,570.72 with the Monroe County Prothonotary and execution was issued thereon. Defendant then filed a petition to strike, vacate or stay the judgment entered in Wisconsin on October 18, 2010. In support thereof, defendant alleges that (1) Wisconsin lacked jurisdiction over defendant and enforcing the judgment would violate defendant’s due process rights; and (2) plaintiff has failed to comply with the mandate of 42 Pa.C.S. § 4306(c). On December 12, 2014, Judgment2Justice became A3 Global’s party successor pursuant to Pa.RX.P. 2352. Upon review of all pleadings in this matter and oral argument heard on January 5, 2015, we are now prepared to decide.
DISCUSSION
Under the full faith and credit clause of the United States Constitution, Pennsylvania courts must recognize and enforce the judgment of its sister states. U.S. CONST, art. IV, § 1. Fulfilling this constitutional mandate, Pennsylvania enacted the Pennsylvania Uniform Enforcement of *478 Foreign Judgments Act (UEFJA). 42 Pa.C.S. § 4306. The statute provides:
A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with act of congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.
42Pa.C.S. § 4306(b). While PennsylvaniaUEFJAprovides authority for common pleas courts to “reopen, vacate, or stay” foreign judgments, it should not be construed to override the constitutional prescription that full faith and credit be given to judicial proceedings in other states and the federal courts. U.S. CONST, art. IV, § 1; 28 U.S.C. § 1738; see also Tronagun Corp. v. Mizerock, 820 F.Supp. 225, 227 (W.D. Pa. 1993).
The Superior Court in Noetzel v. Glasgow, Inc., 487 A.2d 1372 (Pa. Super. 1985) has instructed that “[a] foreign judgment is entitled to full faith and credit in Pennsylvania so long as there was jurisdiction by the court which originally awarded the judgment, see Stambaugh v. Stambaugh, 458 Pa. 147, 329 A.2d 483 (1974), and the defendant had an opportunity to appear and defend, see Morris Lapidus Associates v. Airportels Inc., 240 Pa. Super. 80, 361 A.2d 660 (1970).” Further, the court in Noetzel explained that:
*479 When a court of competent jurisdiction has determined a litigated case on its merits, the judgment entered and not reversed on appeal, is forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation.
Id., 487 A.2d at 1376. Therefore, the “validity” of a foreign judgment is established in the transferor court, and may not be examined or retried in Pennsylvania, except for the limited purposes of determining whether the transferor court had jurisdiction to enter the judgment, and whether the judgment was obtained without derogating the judgment debtor’s due process rights. Nobel Well Service, Inc. v. Penn Energy, 502 A.2d 200, 205-206 (Pa. Super. 1985).
In the instant case, defendant raises two arguments in support of its petition. First, defendant argues that the foreign judgment must be vacated and/or opened for lack of subject matter jurisdiction and lack of due process. Second, defendant argues that plaintiff has failed to comply with the strict mandates of 42 Pa.C.S. § 4306(c) by failing to attach an affidavit bearing defendant’s name and address. We will now address each of defendant’s arguments in turn.
a. Wisconsin’s Lack of Jurisdiction and Due Process
Defendant primarily contends that the Wisconsin judgment is void on its face because adequate notice of the motion for default judgment was not provided. Defendant cites to Wis. Stat. § 806.02(1), which provides that “[a] default judgment may be rendered...if no issue of law *480 or fact has been joined and if the time for joining issue has expired. Any defendant appearing in an action shall be entitled to notice of motion for judgment.” Defendant further argues that by operation of Wis. Stat. § 801.15(5) (a) and Wis. Stat. § 801.15(l)(b)[1], defendant should have been given 3-days notice of the default judgment, and that the judgment could not have been entered before May 14, 2010. Thus, defendant argues that they did not receive adequate notice of the motion for judgment thereby rendering the entry of default judgment void.
Upon further review, we find that defendant’s reliance on Wisconsin’s default judgment and timing statutes is misplaced. The statute governing default judgments in argument is more properly raised as a personal jurisdiction challenge. Upon review of the record, we agree with A3 Global’s argument.
In response to the default judgment, defendant filed a motion to reopen and extend the time to answer plaintiffs complaint on June 1, 2010 in the Wisconsin Court. By doing so, defendant has effectively entered their appearance before the Wisconsin court, and voluntarily submitted themselves to the court’s jurisdiction. “[Wjhere an appearance is made and relief is sought on *481 other matters, the lack of personal jurisdiction objection is waived.” Lees v. DILHR, 182 N.W.2d 245, 250 (Wis. 1971). “Preliminary objections are the exclusive method of raising the questions of jurisdiction. See Monaco v. Montgomery Cab Company, 208 A.2d 252 (Pa. 1965). Failure to raise the issue of personal jurisdiction constitutes a waiver of that defense. Yentzer v. Taylor Wine Company, Inc., 186 A.2d 396 (Pa. 1962). We find that defendant has consented to Wisconsin’s jurisdiction and has waived any jurisdictional objections.
b. Plaintiff’s Failure to Comply with 42 Pa.C.S. § 4306(c).
Defendant argues that the judgment entered in Monroe County must be stricken because plaintiff has failed to comply with the requirements set forth in 42 Pa.C.S. § 4306(c). The statute provides in relevant part —
(c) Notice of filing. —
(1) At the time of the filing of the foreign judgment, the judgment creditor or his attorney shall make and file with the office of the clerk of the court of common pleas an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor. In addition, such affidavit shall include a statement that the foreign judgment is valid, enforceable and unsatisfied.
(2) Promptly upon the filing of the foreign judgment and the affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the attorney for the judgment creditor, if any, in this Commonwealth. *482 In addition, the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
42 Pa.C.S. § 4306(c)(l)-(2). Further, a petition to strike a default judgment should be granted where a fatal defect or irregularity appears on the face of the record. U.K. Lasalle, Inc. v. Lawless, 618 A.2d 447 (Pa. Super. 1992). Defendant contends that plaintiff did not include an “affidavit” as required by § 4306(c)(1) when it filed the praecipe to enforce the Wisconsin judgment. Defendant further argues that in accordance with the holding in Ward v. Price, the technical filing requirements under § 4306 must be strictly complied with. 814 A.2d 262 (Pa. Super. 2002). We agree.
In Ward v. Price, the Superior Court held that the plaintiffs failure to attach an authenticated copy of the foreign judgment as required by 42 Pa.C.S. § 4306(b) was a fatal omission, and therefore the lower court was obliged to strike the foreign judgment pursuant to the statute. Id. at 263. Ward rejected the plaintiffs argument that the failure to include an authenticated copy of the foreign judgment was insignificant in light of all the documents the plaintiff did provide. The Superior Court in Ward agreed with the lower court’s strict reading of 42 Pa.C.S. § 4306(b); and further noted that adopting the plaintiffs argument would “create a discretionary standard that our legislature did not intend.” Id. at 264. While we recognize that Ward involved a different filing requirement under 42 Pa.C.S. § 4306, we see no reason to distinguish one filing requirement from another. Therefore, we conclude that a strict reading of 42 Pa.C.S. § 4306(c) requires a transferor to file an affidavit *483 setting forth the name and address of the judgment debtor. Failure to include such affidavit is considered a fatal defect on the record. However, we note that while defective filings of foreign judgments are susceptible to dismissal, the statute does not preclude successive filings in order to cure procedural defects. See Gulf Mortgage and Realty Investments v. Alten, 7 Pa. D. & C. 3d 709 (Pa. Cmwlth. 1977). Accordingly, we enter the following order.
ORDER
And now, this 28th day of January, 2015, defendant’s petition to strike and/or vacate and/or open default judgment entered in Wisconsin and transferred to Monroe County, Pennsylvania is granted. Judgment entered on October 8, 2010 is hereby stricken.

. Wis. Stat. § 801.15(5)(a) provides:
(5) Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party: (a) If the notice or paper is served by mail, 3 days shall be added to the prescribed period.
Wis. Stat § 801.15(l)(b) provides —
(b) Notwithstanding ss. 985.09 and 990.001(4), in computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a day the clerk of courts office is closed. When the period of time prescribed or allowed is less than 11 days, Saturdays, Sundays and holidays shall be excluded in the computation.