J-S28009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOMUS, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIGNATURE BUILDING SYSTEMS OF | : | |
| PA, LLC | : | |
| | : | No. 1547 MDA 2018 |
| Appellant | : | |

Appeal from the Order Entered August 2, 2018
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2015 Civil 4440

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 21, 2021**

Signature Building Systems of PA, LLC ("Signature") appeals from the August 2, 2018 order denying its motion to strike a New Hampshire judgment filed in Pennsylvania by Appellee Domus, Inc. ("Domus") pursuant to the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), 42 Pa.C.S. § 4306. This Court initially reversed after finding that Domus had not properly authenticated the judgment as required by § 4306(b).  ***See Domus, Inc. v. Signature Building Systems of PA, LLC***, 224 A.3d 31, 39 (Pa.Super. 2019) ("***Domus I***"), *reversed*, 252 A.3d 628 (Pa. 2021) ("***Domus II***").  We held therein that challenges to authentication under § 4306(b) implicated the subject matter jurisdiction of the trial court and, therefore, could not be waived.  ***See Domus I***, ***supra*** at 36 (citing ***Ward v. Price***, 814 A.2d 262, 263 (Pa.Super. 2002)).  Our Supreme Court granted allowance of appeal and

_____

* Retired Senior Judge assigned to the Superior Court.

reversed, disapproving of our reliance upon **Ward**. **See Domus II**, **supra** at 641. On remand from the High Court, we now affirm.

The factual and procedural history of this case is as follows:

[Domus] was involved in a residential construction project at Dartmouth College in Hanover, New Hampshire. As part of its work on the project, Domus entered into a contract with [Signature]. The contract called for Signature to provide modular residential units for the project. In addition, Domus separately contracted with PFS Corporation [("PFS")] to inspect and certify the condition of the units provided by Signature.

Domus filed suit against PFS in New Hampshire on October 17, 2011, alleging the units provided by Signature were defective.

**Domus II**, **supra** at 630. PFS added Signature as a party-defendant by filing a third-party complaint with leave from the New Hampshire court. The New Hampshire court directed PFS to serve Signature with a copy of the third-party complaint. On April 12, 2012, PFS filed an affidavit of service attesting that it had done so. Ultimately, the New Hampshire court entered a default against Signature with respect to PFS's claims.

Thereafter, Domus also filed a third-party complaint in the New Hampshire court asserting claims against Signature. The New Hampshire court directed Domus to serve Signature with a copy of its third-party complaint. On November 5, 2013, Domus filed an affidavit of service attesting that it had served Signature. The same day, the New Hampshire Secretary of

State filed a return of service as to Signature.[1]  Signature was given until December 3, 2013 to file a written appearance.  Having received no communication from Signature, the New Hampshire court entered a default on December 10, 2013.

On December 12, 2013, Domus filed a motion for a hearing to present evidence of damages and secure a final judgment against Signature. Following a hearing on February 24, 2014, at which Signature did not appear or participate, the New Hampshire court entered a final judgment in favor of Domus in the amount of $293,081 with 2.1 percent interest calculated from September 11, 2013.  Notice of this final judgment was sent to Signature by the New Hampshire clerk of courts on February 25, 2014.

Domus filed a praecipe to transfer the New Hampshire judgment to Pennsylvania in the Court of Common Pleas of Lackawanna County, attaching copies of the final judgment and the New Hampshire docket.[2]  Signature filed a motion to strike the judgment, arguing that "[a]t no time after August 2013 did Signature receive any notice concerning any proceedings in the action filed in New Hampshire."  Motion to Strike Foreign Judgment, 8/10/15, at ¶ 5.

_____

[1] Domus submitted a copy of its third-party complaint to the New Hampshire Secretary of State in order to effectuate "substituted" service.

[2] These documents bore stamps from the New Hampshire Superior Court and the signature of a "court assistant," but our Supreme Court concluded that they were "not authenticated pursuant to UEFJA." **Domus II**, **supra** at 631 (citing 42 Pa.C.S. §§ 4306(b), 5328(a); 28 U.S.C. § 1738).

- 3 -

Signature also complained that Domus had not complied with the affidavit requirements of § 4306(c).

Thereafter, the parties engaged in extensive discovery and motions practice. Signature conceded that it "was served with a copy of [PFS's] third-party complaint in March or April 2012" and that it had "retained an attorney in New Hampshire" that entered an appearance on Signature's behalf from November 2012 until January 2013. **See** Order, 8/2/18, at ¶¶ 3, 5-7. Moreover, Signature admitted to "receiving some notices **after** being served with the original third party complaint" from PFS. **Id**. at ¶ 12 (emphasis added). Ultimately, the trial court denied Signature's motion, concluding that it had adequate notice of the New Hampshire proceedings.

Signature filed a timely notice of appeal to this Court. Signature and the trial court both timely complied with their respective obligations under Pa.R.A.P. 1925.

Signature has raised two issues for our consideration:

1. Whether the trial court erred in failing to strike the entry of a foreign judgment from the state of New Hampshire when the docket entries show no notice to [Signature] of a trial assessing damages?

. . . .

2. Whether the trial court erred in failing to strike the foreign judgment entered from deeds in my state of New Hampshire [sic] when there is an insufficient affidavit filed at the time the judgment was transferred?

Appellant's brief at 2.

- 4 -

We begin with a review of applicable Pennsylvania law. "Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law." *Reco Equipment, Inc. v. John T. Subrick Contracting, Inc.*, 780 A.2d 684, 686 (Pa.Super. 2001). In this context,

> [a] petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered. Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. [Additionally], a petition to strike does not involve the discretion of the trial court.

*Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 793-94 (Pa.Super. 2013) (cleaned up).

"[W]hen the court of another state has purported to act on the merits of a case, its jurisdiction to do so and the regularity of its proceedings are presumptively valid." *Barnes v. Buck*, 346 A.2d 778, 782 (Pa. 1975). "The party challenging the validity of the judgment, therefore, bears the burden of showing any irregularity in the proceedings." *Noetzel v. Glasgow, Inc.*, 487 A.2d 1372, 1376 (Pa.Super. 1985). However, the doctrine of full faith and credit embodied in Article IV, Section 1 of the United States Constitution "precludes retrial in the Pennsylvania courts of the validity of the judgment of a sister state affecting Pennsylvania residents except for the limited purpose

- 5 -

of determining whether the transferor court had jurisdiction to enter the judgment and whether the judgment was obtained without derogating the judgment debtor's due process rights." ***Gerenson v. Penna. Life and Health Ins. Guar. Ass'n***, 729 A.2d 1191, 1195 (Pa.Super. 1999) (cleaned up). "Where a foreign court has jurisdiction over the subject matter and the parties in a dispute, a judgment of that court is entitled to [full faith and credit] unless that judgment has been obtained in derogation of the debtor's due process rights to appear and defend." ***Morgan Guaranty Trust Co. of N.Y. v. Staats***, 631 A.2d 631, 634 (Pa.Super. 1993).

In its first claim for relief, Signature contends that the judgment should be stricken on due process grounds. Specifically, it asserts that the docket entries attached to Domus's UEFJA filing do not sufficiently establish that Signature was provided with notice of the February 24, 2014 damages hearing in New Hampshire. ***See*** Signature's brief at 2-3 ("[T]he docket entries attached to [Domus's] entry of foreign judgment clearly show that no notice of the damages hearing was provided to [Signature], thus depriving it of its ability to challenge the assessment of damages."). Signature submits this alleged lack of notice violated a New Hampshire statute requiring notice to all parties prior to the entry of a "judgment, decree, or ruling[.]" ***Id***. at 7-8 (citing N.H. Rev. Stat. § 514:14). Thus, it requests the judgment be stricken.

In this context, due process requires that the defendant must be provided with "an opportunity to appear and defend." ***Everson v. Everson***,

431 A.2d 889, 896 (Pa. 1981). This includes the "basic" requirement of notice, which must "be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections." **Noetzel**, **supra** at 1377. "As long as a method of service is reasonably certain to give notice to a defendant that an action is pending against him, the fact that such a defendant fails to receive actual notice does not invalidate service on due process grounds." **Id**. at 1377-78.

As noted above, Domus submitted copies of both the final judgment and the docket from New Hampshire with its praecipe to transfer.[3]  **See** Praecipe for Transfer of Judgment, 7/16/15, at Exhibits 1-2.  These documents are ambiguous as to whether Signature was sent notice of the February 24, 2014 damages hearing.  Although a January 7, 2014 docket entry states that this specific hearing was to be scheduled with "notice to all (including defaulted)

_____

[3]  In its answer to Signature's motion to strike, Domus attached numerous filings from the New Hampshire proceedings that were not included in its UEFJA submission.  **See** Answer to Motion to Strike, 8/31/15, at Exhibits A – N.  Our precedent indicates that "[w]hen deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record **when the judgment was entered**." **Oswald v. WB Public Square Associates, LLC**, 80 A.3d 790, 793 (Pa.Super. 2013) (emphasis added).  The instant judgment was entered in Pennsylvania with the filing of Domus's praecipe for transfer, which did **not** include the documentation noted above.  **See** 42 Pa.C.S. § 4306(b) (providing that a foreign judgment filed in Pennsylvania takes effect "as of the date of filing").  Accordingly, we have confined our substantive review to the documents attached to Domus's UEFJA filing.  **See also**, **e.g.**, **School Stationers Corp. v. PSH Enterprises**, 45 Pa. D. & C.3d 144, 148 (Pa. C.P. 1987) (holding § 4306 filing is not susceptible to correction by amendment but "may be cured only by a future filing of the [foreign] judgment").

parties," there is no confirmation on the docket that such notice was actually transmitted to Signature. **See** Praecipe for Transfer of Judgment, 7/16/15, at Exhibit 1 at 4. This ambiguity, however, does not adversely affect the presumptive validity of the final judgment. Signature does not dispute receiving notice of and having actual knowledge of the New Hampshire proceedings. **See** Signature's brief at 5 (arguing only that "[a]t no time after August 2013 did Signature receive any notice concerning any proceedings in the action filed in New Hampshire"). Indeed, Signature entered an appearance in those proceedings at one point.[4]

As such, this Court's holding in **Noetzel** is instructive. Therein, a defendant-corporation, Glasgow, Inc., appealed from the denial of its motion to strike the validity of a West Virginia judgment against it that had been transferred to Pennsylvania pursuant to § 4306. Glasgow received notice of the civil action in West Virginia but did not participate in the proceedings. Nonetheless, it argued its due process rights were violated when West Virginia "permitted the entry of a default judgment and a hearing to determine

---

[4] By way of explanation for its failure to participate, Signature averred only that it "was briefly represented by counsel in the New Hampshire action; however, it withdrew its defense since the action had been brought in violation of the aforesaid arbitration agreement." Motion to Strike, 8/10/15, at ¶ 4. Such a contract provision could operate as a bar to Domus's civil lawsuit. We are at a loss as to why Signature would withdraw without first raising this issue or offering an objection. Signature has never advanced any substantive argument that an arbitration clause has any impact upon the validity of the underlying judgment. In any case, this claim has been abandoned. **See** **Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa.Super. 2002).

damages without additional notice and an opportunity to be heard." ***Noetzel***,

***supra*** at 1377. This Court disagreed, reasoning as follows:

> [T]he notice in this case was received in fact by [Glasgow's] representatives. The failure to act in pursuance thereof was attributable either to inadvertence or carelessness. Due process did not require that [Glasgow] receive repeated notices thereafter. When [Glasgow] failed to appear in response to initial service, due process did not require that it again be invited to participate in the proceedings. Appellees were not required to obtain [Glasgow's] permission to proceed further. Due process did not require notice of appellees' intent to enter a default judgment or of their intent to take procedural steps to reduce their judgment to a monetary amount. When [Glasgow] failed to evidence interest in defending the action following service of initial process, due process did not require that appellees invite them to join the proceedings thereafter.

***Id***. at 1378.

The above-stated rationale is equally applicable to the present controversy.[5] As in ***Noetzel***, Signature has acknowledged receiving actual notice of the claims filed by Domus and offers no compelling explanation for its non-participation in the New Hampshire proceedings.[6] Due process does

---

[5] The analysis in ***Noetzel v. Glasgow, Inc.***, 487 A.2d 1372 (Pa.Super. 1985) concerned West Virginia Rule of Civil Procedure 5(a), which provides that "[n]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them[.]" W.Va.R.Civ.P. 5(a). While this case does not involve the same procedural rule, ***Noetzel*** adjudicates the central question posed by Signature here: whether due process requires proof of serial notifications to a defaulted defendant who declines to participate despite actual knowledge of the underlying proceedings. Thus, it controls the outcome here.

[6] As noted above, we have not relied upon the documentation attached to Domus's response to Signature's motion to strike in adjudicating this
*(Footnote Continued Next Page)*

not require repeated entreaties to a willfully absent defendant. Furthermore, a clerk's notation on the February 24, 2014 judgment submitted by Domus in Pennsylvania indicates the New Hampshire court sent Signature a copy of the final judgment the day after it was issued. **See** Praecipe to Transfer Judgment, 7/16/15, at Exhibit 2 at 2. Signature has not acknowledged this notation in its arguments and offers no explanation as to why it did not challenge the validity of the judgment in New Hampshire.[7]

Based upon the foregoing discussion, we discern no abuse of discretion or error of law in the trial court's denial of Signature's motion to strike.

As set forth in its statement of the questions, Signature's second claim alleges that the New Hampshire judgment filed by Domus contained an "insufficient affidavit" pursuant to 42 Pa.C.S. § 4306(c)(1) ("At the time of the filing of the foreign judgment, the judgment creditor or his attorney shall make and file . . . an affidavit setting forth the name and last known post office

_____

controversy. **See supra** at n.3. However, we note that one of the documents attached to that filing indicates that the New Hampshire court did send notice of the February 24, 2014 hearing to Signature on January 8, 2014. **See** Answer to Motion to Strike, 8/31/15, at Exhibit L.

[7] This Court has previously observed that "a party seeking relief in our courts on the basis of an asserted invalidity (other than jurisdictional) of the judicial proceedings of another State should normally be relegated to the courts of that State for the establishment of the invalidity." **Greate Bay Hotel & Casino, Inc. v. Saltzman**, 609 A.2d 817, 819-20 (Pa.Super. 1992). Accordingly, a "collateral attack" on a judgment obtained in another jurisdiction should not normally be entertained in our courts absent an issue of significant gravity. **Barnes v. Buck**, 346 A.2d 778, 783 n.12 (Pa. 1975).

address of the judgment debtor, and the judgment creditor."). **See** Signature's brief at 2. However, Signature offers no discussion of the UEFJA affidavit requirements in the argument section of its brief. Thus, this claim has been abandoned.[8] **See Commonwealth v. Rodgers**, 605 A.2d 1228, 1239 (Pa.Super. 1992) ("We must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief.").

Rather than discussing the issue listed in its brief, Signature instead argues that Domus did not authenticate the New Hampshire judgment. **See** Signature's brief at 10-11. This claim concerns § 4306(a), which provides that a party proceeding under UEFJA must provide a copy of the "foreign judgment including the docket entries incidental thereto" which has been "authenticated" in the manner prescribed by the statute. There is no question that Domus did not authenticate the judgment. **See Domus II**, **supra** at 631. However, Signature did not raise this issue in the trial court, nor did it include this claim in its Rule 1925(b) concise statement. Claims concerning UEFJA authentication are subject to waiver. **See Domus II**, **supra** at 641. Thus, this issue is waived. **See** Pa.R.A.P. 302(a), 1925(b)(4)(vii).

For the foregoing reasons, we discern no reason to disturb the trial court's order denying Signature's motion to strike.

---

[8] Counsel for Domus did set forth the addresses of the parties in a filing subject to the pains and penalties of unsworn falsifications to authorities. **See** Praecipe for Transfer of Judgment, 7/16/15, at 1 (citing 18 Pa.C.S. § 4904).

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2021